## CREMER VS. THE TOWN OF PORTLAND.

HIGHWAY: PLEADING: NEGLIGENCE: EVIDENCE: COURT AND JURY.  (1) *Averment of defect in highway;* " *stump* " *defined.*  (2) *Averment as to cause of injury.*  (3) *Averment of permanent injury.*  (4–6) *Court and jury; question as to defect in highway; and as to contributory negligence.*

CONTRIBUTORY NEGLIGENCE.  (7) *What negligence of plaintiff will prevent recovery.*  (8) " *Slight negligence* " *defined.*  (9) *Instructions as to negligence.*

NEW TRIAL: REVERSAL.  (10) *Refusal of correct instructions.*  (11) *Verdict against weight of evidence.*

1. In an action against a town for an injury alleged to have been caused by the insufficiency of a highway, the defect alleged was, that "there was a large stump in or near the middle of the main traveled track of said road," against which plaintiff's wagon struck, causing the injury complained of. *Held*, that the word "stump" must be understood as here meaning "that part of the tree remaining in the earth after the stem or trunk is cut off" (which is its usual signification); and that the complaint sufficiently alleges a defect in the highway.

2. The complaint avers that "plaintiff's wagon struck said stump, which threw plaintiff down upon his wagon rack, by reason of which he was greatly injured; that by reason of such injury his life was and is greatly endangered; that ever since that time he has suffered great bodily and mental pain; that he will be permanently crippled and injured for life; that ever since the time aforesaid he has been wholly unable to perform any manual labor, and has been wholly unable to perform his necessary duties and business, by reason of said injury." *Held*, that these averments must be reasonably construed to mean that plaintiff will be "permanently crippled and injured for life," *because of the injuries* produced by the insufficiency of the highway; and there was therefore no error in admitting evidence of such *permanent* injury.

3. Whether it was necessary to *aver* in the complaint that plaintiff was permanently injured, before *proof* of permanent injury could be received, is not here decided.

4. In such actions it is only where the *uncontradicted* evidence shows a state of facts from which the inference is indubitable, either that the highway was sufficient, or that plaintiff was guilty of contributory negligence — that the court will be justified in taking those questions from the jury.

5. Upon plaintiff's evidence in this case as to the size and position of the stump which caused the injury, and its relation to the traveled track, the curve of the road and other circumstances (for which see the opinion): *Held*, that the question whether the highway was in a safe condition was properly left to the jury.

6. Plaintiff's evidence tended to prove that he was driving his team along the highway at a slow walk, having his boys in the wagon with him; that when the wheel of his wagon struck the stump and caused the injuries complained of, he was holding the reins with one hand, and with the other assisting his boys to a seat; and that in doing so his attention was diverted for a few minutes from his team and from the highway. *Held*, that the court did not err in refusing to nonsuit the plaintiff, nor in charging that his testimony tended to show that when injured he was in the exercise of ordinary care and diligence.

7. Any want of ordinary care, however slight, on the part of the injured person, which contributed to the injury received on a defective highway, will prevent a recovery.

8. "Slight negligence" is not a slight want of ordinary care, but a want of *extraordinary* care; and the law does not require such care of a person injured by the negligence of another, as a condition precedent to his recovery. 22 Wis., 675; 29 id., 144.

9. Defendant asked instructions to the effect that plaintiff could not recover (1) if guilty of negligence (though slight) which contributed directly to the injury, or (2) if "guilty of any negligence which contributed directly or proximately to the injury." *Held*, that these instructions were properly refused.

10. A formal refusal of correct instructions asked by a party is not error when those instructions are in fact embodied in the general charge.

11. The granting of a new trial on the ground that the verdict is contrary to the weight of evidence, is largely in the discretion of the circuit court; and the rule is well settled in this court, that where there is evidence to support the verdict, an order of the court below denying a new trial will not be reversed merely because this court may be of opinion that the weight of evidence is against the verdict.

APPEAL from the Circuit Court for *Monroe* County.

This action was brought by the plaintiff's intestate in his life-time, to recover damages to his person alleged to have been sustained by him by reason of the insufficiency of a certain highway in the defendant town. The jury found for the plaintiff. A motion for a new trial was denied, and judgment

was entered on the verdict. The pleadings, testimony, instructions and other proceedings on the trial, are sufficiently stated in the opinion. The defendant appealed.

*Cameron & Losey*, for appellant:

1. The complaint states no cause of action. It does not state whether the stump was attached to the soil; and if detached, it may have been placed there immediately before the accident, by a wrongdoer. There is no allegation of notice to the town, nor of negligence in not ascertaining and remedying the defect; and it is well settled that such notice, or negligence, must be shown. *McGinity v. Mayor of New York*, 5 Duer, 674; *Hart v. Brooklyn*, 36 Barb., 226; *Dewey v. Detroit*, 15 Mich., 307. 2. It is nowhere alleged in the complaint that the plaintiff will be permanently injured by reason of the accident on the highway. 3. The court erred in overruling the defendant's motion for a nonsuit. *Butterfield v. Forrester*, 10 East, 60; *Smith v. Smith*, 2 Pick., 621; *Lane v. Crombie*, 12 id., 177; *Ellis v. Shoat*, 21 id., 142; *Button v. Hudson River R. R. Co.*, 18 N. Y., 248; *Steves v. R. R.*, id., 422; *Vedder v. Hildreth*, 2 Wis., 427; *M. & C. R. R. Co. v. Hunter*, 11 id., 160; *Chamberlain v. Mil. & Miss. R. R. Co.*, 7 id., 425; *Dressler v. Davis*, id., 527; *Bernhardt v. R. & S. R. R. Co.*, 18 How. Pr. R., 427; *Ernst v. Hudson River R. R. Co.*, 24 id., 97; *Haring v. N. Y. & E. R. R. Co.*, 13 Barb., 9; *Stuart v. Simpson*, 1 Wend., 376; *Hartfield v. Roper*, 21 id., 615; *Achtenhagen v. Watertown*, 18 Wis., 331; *Rothe v. Mil. & St. Paul R'y Co.*, 21 id., 256; *Nicks v. Town of Marshall*, 24 id., 139. As a general rule, the defects in highways for which towns are liable under a statute like ours, are those only which are indictable at common law as nuisances. *Howard v. Bridgewater*, 16 Pick., 189; *Merrell v. Hampden*, 26 Me., 234. 4. The court below erred in refusing to give the first and second special instructions asked by the defendant. *Ernst v. Hudson River R. R. Co., supra; Achtenhagen v. Watertown, supra; Hunter v. Mil. & Ch. R. R. Co.*, 11 Wis., 160; *Galpin v. C. & N. W. R'y Co.*, 19 id., 604; *Nicks v.*

Cremer vs. The Town of Portland.

*Town of Marshall, supra; Waters v. Wing,* 59 Pa. St., 211;. *Hill v. New Haven,* 37 Vt., 501; *Barber v. Essex,* 27 id., 62.    5. The court erred in refusing the fourth instruction asked by the defendant, which was, in substance, that in determining the question of defendant's negligence, the jury should take into consideration the nature of the country through which the highway in question runs at and near the point where the accident happened, and that what might be a defect in one highway, might not be in another.    Shearm. & Redf. on Neg., § 382; Angell on Highways, § 259; *Wheeler v. Town of Westport,* 30 Wis., 392; *Fitz v. Boston,* 4 Cush., 365; *Loker v. Brookline,* 13 Pick., 343; *Drake v. Lowell,* 13 Met., 292.    6. The court erred in instructing the jury that the " evidence on the part of the plaintiff tends to show that in passing that point he was in the exercise of ordinary care and diligence."    This was calculated to mislead the jury, being an expression of opinion as to the evidence.    7. The verdict is against the weight of evidence, and ought to have been set aside on the motion for a new trial. *Moore v. R. R. Co.,* 4 Zab., 277; 7 Met., 274.

*Tyler & Dickinson,* for respondent :

1. The principal questions of fact as to the sufficiency of the highway and the negligence of the plaintiff, were fairly submitted to the jury, and the verdict ought not to be disturbed. 2. The complaint definitely states that the accident occurred by reason of the defective highway, and that the injury to the plaintiff was of a permanent nature.    3. The first and second special instructions were properly refused.    They were to the effect that an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use, would prevent a recovery ; which is not the law.    *Dreher v. Town of Fitchburg,* 22 Wis., 675 ; *Houfe v. Town of Fulton,* 29 id., 296.    4. The fourth special instruction asked by the defendant was properly refused, having been given by the court in a modified form in the general charge. *Wheeler v. Town of Westport,* 30 Wis., 392.

LYON, J.   I.  The defendant objected on the trial to the ad-
mission of any testimony under the complaint, for the alleged
reason that the complaint fails to state facts sufficient to con-
stitute a cause of action.    We learn from the argument that
this objection has reference to that portion of the complaint
which attempts to set out the insufficiency of the highway
where the plaintiff's intestate (the original plaintiff) was injured.
The averment in the complaint is, that " there was a large
stump in or near the middle of the main traveled track of said
road," against which the plaintiff's wagon struck, and caused
the injury complained of.    The point of the objection is, that
it is not stated " whether the stump was attached to the soil or
detached therefrom, nor whether it had been there five minutes
or five years."    One of the definitions of the word " stump "
given by Webster, is : " The part of the tree or plant remain-
ing in the earth after the stem or trunk is cut off ; the stub."
This is its usual significance, and we have no difficulty in
assuming that the word is employed in the complaint in this
sense.    We think that the averment is sufficient, and that the
complaint states a cause of action.

II.  The circuit court admitted considerable testimony on the
trial tending to show that Smeltzer (who for convenience will
be called the plaintiff) was permanently injured.    All such
testimony was duly objected to by the counsel for the defend-
ant, who stated, as the grounds of objection thereto, that " it is
not alleged in the complaint that he is permanently injured by
reason of the injury he sustained in consequence of the alleged
defect in the highway."    The averments of injury and of the
extent thereof contained in the complaint, are as follows : " that
the plaintiff's wagon struck the said stump, which threw the
plaintiff down upon his wagon rack, by reason of which he was
greatly injured ; that by reason of said injury his life was and is
greatly endangered ; that ever since that time he has suffered
great bodily and mental pain ; that he will be permanently
crippled and injured for life ; that ever since the time afore-

Cremer vs. The Town of Portland.

said he has been wholly unable to perform any manual labor, and has been wholly unable to perform his necessary duties and business by reason of said injury." If it was necessary to aver in the complaint that the plaintiff was permanently injured by means of the insufficiency of the highway, before proof that his injuries were permanent could properly be received (a proposition which we do not pass upon), we think that the complaint contains such averment. After stating that as a consequence of the alleged insufficiency of the highway, the plaintiff was greatly injured, the pleader proceeds to set out the nature and extent of such injury, and the probable future results thereof, and in that connection avers that the plaintiff "will be permanently crippled and injured for life." No other reasonable construction can be given to such averment than that he will be so crippled, etc., because of the injuries produced by the insufficiency of the highway. It must be held that the objection is not well taken.

III. At the close of the plaintiff's case the defendant moved for a nonsuit. It is claimed that the testimony introduced by the plaintiff shows affirmatively that the highway was not defective or insufficient, and, if it was, that the plaintiff was guilty of negligence, or want of ordinary care, which contributed directly to cause the injury of which he complains. If this claim be well founded—if the court could have properly held, as matter of law, either that the highway was sufficient, or that the plaintiff was guilty of such contributory negligence,— the plaintiff should have been nonsuited. The court could not have so held unless the uncontradicted testimony proved a state of facts from which the inference of the sufficiency of the highway, or of the existence of such contributory negligence, is indubitable. It becomes necessary, therefore, to examine the testimony bearing upon these questions.

1. The plaintiff's testimony tends to prove that this highway was much traveled; that the stump which caused the injury was eight or ten inches high and six inches in diameter, and

stood near the middle of the traveled track in a curve of the road; that on either side of the stump there was a space eight or ten feet wide where teams could pass without striking against it; that some of the travel passed to the side and some over it; that owing to its position in a curve or bend of the road, wagons were frequently driven against it; that the travel had formerly passed that point in another track, but, recently before the plaintiff was injured, the old track was obstructed, and a new one (in which stood the stump in question) was opened and worked by the town authorities; and that when such work was being performed, the attention of the road overseer was directed to this stump, but he declined to have it removed.

It was the duty of the defendant town to keep the highway in a safe and convenient condition for public travel; and the mere statement of the facts in that behalf which the plaintiff's testimony tended to prove, demonstrates that the court could not properly hold, as matter of law, that the highway was in a safe condition. The question whether it was or was not in such condition was properly left to the determination of the jury, and any other disposition of it by the court would clearly have been erroneous.

2. As to the alleged contributory negligence of the plaintiff. The testimony tends to prove that the plaintiff was driving his team along the highway on a slow walk, having his boys in the wagon with him; that when the wheel of his wagon struck the stump and caused the injuries complained of, he was holding the reins with one hand, and with the other assisting his boys to a seat, and that in doing so his attention was diverted for a few moments from his team and from the highway upon which he was traveling. This is all there is in the plaintiff's testimony tending to show that he is chargeable with contributory negligence. Allowing his attention to be thus diverted from his team and the highway, may have been negligence. Quite likely a jury might be justified in finding that it was. But we think it was not competent for the court thus to hold, as matter of law.

We are relieved from the duty of an extended discussion of the questions involved in the motion for a nonsuit, by the examination and discussion of the same questions in *Wheeler v. Westport,* 30 Wis., 392. Without commenting upon that case, or stating the points of similarity in the cases, it is sufficient to say that it fully sustains the learned circuit judge in the refusal to nonsuit the plaintiff.

The general doctrine of the numerous cases cited by the learned counsel for the defendant, to the effect that if it conclusively appears by the plaintiff's showing that he was chargeable with a want of ordinary care which contributed proximately to the injury, or that the defendant was free from negligence, a nonsuit should be ordered, has been frequently asserted and applied by this court. It is believed, however, that none of the cases, at least none in this court, hold that a nonsuit is proper when the testimony leaves the question of negligence in doubt. This is such a case.

IV. The charge of the learned circuit judge to the jury is a full, clear and accurate statement of the law of the case; and only a single exception was taken thereto. The court refused to give certain instructions proposed on behalf of defendant. Some of these were incorporated in the general charge, and the refusal to give them was of course merely formal. Those which were not included in the general charge, are as follows: "1. There can be no recovery by the plaintiff in this case, if the jury believe from the evidence that the plaintiff was guilty of negligence (though it were slight), and such negligence contributed directly to the injury. 2. If the jury believe from the evidence that the plaintiff was guilty of any negligence which contributed directly or proximately to produce the injury, then and in that case the plaintiff cannot recover."

The law is, that if the plaintiff was guilty of any want of ordinary care and prudence (however slight), which neglect contributed directly to produce the injury, he cannot recover. And so were the jury instructed, in substance and effect. It

Cremer vs. The Town of Portland.

is not the law that slight negligence on the part of the plaintiff will defeat the action. Slight negligence is the want of *extra ordinary* care and prudence; and the law does not require of a person injured by the carelessness of others, the exercise of that high degree of caution as a condition precedent to his right to recover damages for the injuries thus sustained. Both of the rejected instructions (as we understand them) assert this erroneous principle, and were therefore properly refused. *Dreher v. Fitchburg*, 22 Wis., 675; *Ward v. M. & St. P. R'y Co.*, 29 id., 144; *Read v. Morse*, 34 id., 315. In these cases the distinction between slight negligence and a slight want of ordinary care is considered and defined.

The exception to the general charge is to a single sentence, in which the jury were told that the testimony on the part of the plaintiff tended to show that the plaintiff, when injured, was in the exercise of ordinary care and diligence. The remark is strictly true, and it was not error to make it to the jury. It is but the corollary of the ruling of the court denying the motion for a nonsuit. There it was necessarily held that the testimony did not show the want of such ordinary care and diligence, while this instruction is, that the testimony tends to show the exercise by the plaintiff of that degree of caution. Both the ruling and the instruction are correct.

V. The circuit court denied a motion for a new trial. It is alleged that the verdict is against the weight of evidence, and that the motion should have been granted for that reason. The granting or refusing of a new trial for the cause here assigned is largely in the discretion of the circuit court; and had the motion therefor been granted, it probably would not have been regarded as an abuse of discretion. But the rule is too well settled to be now disturbed, that where there is testimony to support the verdict, this court will not reverse an order denying a new trial, merely because we are of the opinion that the weight of evidence is against the verdict. *Van Doran v. Armstrong*, 28 Wis., 236, and cases cited.

The foregoing observations dispose of all the exceptions which were argued on behalf of the defendant. We think none of them are well taken, and that the judgment of the circuit court should be affirmed.

*By the Court.* — Judgment affirmed.