## CARTRIGHT VS. THE TOWN OF BELMONT.

*October 1 — October 23, 1883.*

TOWNS: HIGHWAYS. *(1) When town bound to keep side track in repair. (2, 3) Notice that side track is unauthorized.*

PRACTICE: CHANGE OF VENUE. *(4) Objections to change not available on appeal unless in writing. (5) Waiver of notice of motion. (6) When change is for convenience of witnesses, etc., no affidavit necessary. (7) Extension of time to transmit record.*

1. A town may, by long acquiescence in the use of a side track as a part of the traveled highway, become bound to keep the same in repair, although it has provided another sufficient track for public travel.

2. To relieve itself from liability for the want of repair of a side track which is equally as accessible and apparently as much traveled as the prepared track, the town should give some reasonable notice to the public traveling there that the use of such side track is unauthorized.

3. Such notice may be given by placing obstructions in the side track, or by putting up notices, or in any other manner which will sufficiently notify travelers that the town desires them to use the graded track alone.

4. The objection that no notice was given of the motion for a change of the place of trial is not available, on an appeal from the judgment, unless it was taken in writing before the trial, as required by sec. 2628, R. S.

5. A party who appears and resists a motion upon the merits, thereby waives notice of the motion.

6. No affidavit or sworn petition is required when the place of trial is changed to promote the convenience of witnesses and the ends of justice. It is sufficient if the judge is satisfied by proof that a cause for the change exists; and if the record is silent, it will be presumed that the adjudication was made upon legal and sufficient proofs.

7. Under sec. 2831, R. S., the court or a judge may, upon an *ex parte* application, extend the time for the transmission of the record to the county to which the place of trial is changed, even after the expiration of the twenty days limited for such transmission by sec. 2627, R. S.

APPEAL from the Circuit Court for *Waupaca* County.

This is an action to recover damages for personal injuries alleged to have been caused by a defective highway in the defendant town. At the place where the injuries complained of were inflicted, and for some distance in either direction, the highway in question had been cleared nearly or quite the whole width thereof. Through the center of this cleared strip a track had been graded twenty-five or thirty feet in width, and was made suitable and safe for travel. This had all been done by the defendant town two or three years before the accident, and from thence until the plaintiff was injured the graded track had been constantly used and traveled by the public. The course of the highway is north and south. Since 1877 a portion of the travel on such highway has diverged from the graded track, and made a side track sixteen or eighteen feet to the east of it, but within the limits of the highway. This side track had never been opened for travel by the town, but was usually used by the public in traveling the highway when the plaintiff was injured. It extends a considerable distance north and south of the place of the accident. On September 4, 1880, a little after dark, the plaintiff was being driven along the highway from the north, on such side track, in a buggy drawn by two horses. When moving at a slow trot, the right wheel of the buggy struck a small stump standing a few inches west of the west wagon rut of such side track, upsetting the buggy and throwing the plaintiff violently against a fence standing on the east side of the track, thus inflicting the injuries complained of. The foregoing facts appear from the undisputed evidence and the special findings of the jury. The jury also found that the stump was so near the side track as to form an obstruction thereon; that the injury was caused thereby; that the plaintiff was using ordinary care and diligence in traveling the road at the time of the accident; and that if the plaintiff is entitled to recover, her damages by reason of the injury complained

of are $1,100.   The verdict is special, no general verdict having been returned.

Considerable testimony was given on the trial, on behalf of the town, tending to show that the authorities of the town, and perhaps other citizens thereof, had repeatedly from time to time, during the whole period since the side track was first traveled, placed obstructions therein, with a view to turning the travel upon the graded track; but these had frequently been removed, presumably by persons traveling the highway, who preferred the side track because it was a little more firm than the other.   After denying a motion for a new trial, the court rendered judgment for the plaintiff on the special verdict for the damages assessed by the jury, and for costs.   The defendant town has appealed from the judgment.   The case is further stated in the opinion.

For the appellant there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Haseltine*.

For the respondent there was a brief by *G. W. Cate*, attorney, and *A. W. Sanborn*, counsel, and oral argument by *Mr. Sanborn*.

LYON, J.   The jury found specially that the side track upon which the plaintiff was traveling when she was injured had been generally used by the public for travel since 1877, and the same was, at the time of the accident, usually so used.   These findings were directed by the court on the ground that there was no conflict in the testimony on those points.   The question was submitted to the jury whether the stump, which was the cause of the accident, was so near the side track as to form an obstruction to travel thereon, and the jury answered it in the affirmative.   These are the only findings from which any presumption can be drawn that the highway was insufficient or out of repair, or that the defendant town had been guilty of negligence in that

behalf. There is no direct finding that the town was in default in respect to the highway.

The evidence is undisputed that the graded track was in every respect sufficient and safe for public travel; that it was much traveled; and that it was the only track which had ever been opened for travel by the town. In such a case the general duty of the town and the traveler upon the highway is thus stated by Dixon, C. J., in *Kelley v. Town of Fond du Lac*, 31 Wis., 179: "The responsibility of towns, without doubt, primarily extends only to losses or damage sustained by reason of defects in the traveled portion of the highway, for they are not bound to keep the highway in its whole width in a suitable or safe condition for travel. It is, in general, the duty of the traveler, therefore, to remain in the traveled track, or that part of the highway which, to a reasonable width, has been graded or prepared for that purpose. Hence if, without necessity, or for his own pleasure or convenience, he voluntarily deviates from the traveled track, which is in good condition, and in so doing meets with an accident from some cause outside of the traveled track, the town will not be responsible for any damage or injury which he may thus sustain. This was so held in *Sykes v. Pawlet*, 43 Vt., 446." The same rules were asserted in *Matthews v. Town of Baraboo*, 39 Wis., 674. See, also, *Cremer v. Town of Portland*, 36 Wis., 92.

Yet it must be conceded, we think, that the town may, by long acquiescence in the use of a side track by the public as a part of the traveled highway, become bound to keep the same in repair as a part thereof, although it has, as in this case, provided another sufficient track for such travel. There may be two or more authorized traveled tracks along the same highway, and where there are more than a single track, and nothing has been done by the authorities to indicate to travelers that any of the tracks are unauthorized, the traveler may well assume that travel is authorized upon any of them. To relieve itself from liability when the public travel, or

some part of it, has diverged from the prepared track, and has formed another track, equally accessible to travelers, and apparently as much traveled as the other, the town should give some reasonable notice to the public traveling there that the use of the side track is unauthorized. This may be done by placing obstructions therein, or by putting up notices, or in any other manner which will sufficiently notify travelers that the town desires them to use the graded track alone. Indeed, the presence of a graded track in the center of a highway may of itself be some indication that it, and not an unworked side track, is the track which the town or municipality intends the whole travel shall be confined to. In this case, in addition to the fact that the center track was graded and prepared for travel upon it, while the side track was not, considerable testimony was introduced on behalf of the town tending to prove that the authorities of the town, and other citizens thereof, presumably in the interest of the town, placed obstructions in the side track from time to time during nearly or quite the whole period it was traveled by the public, for the purpose of preventing its use, and turning the whole travel upon the graded track. If all proper and reasonable precautions were employed to that end it is clear that the side track never became a part of the traveled highway, and the town was under no obligation to keep it in repair as such. In that case the plaintiff cannot recover in this action. See *Seward v. Town of Milford*, 21 Wis., 485; *Klatt v. Milwaukee*, 53 Wis., 196.

The court is of the opinion that there was sufficient testimony to be submitted to the jury on the question whether the town employed reasonable and proper means to warn travelers that the side track was unauthorized, and that they were required to take the graded track. The mere fact that no signal or warning was there when the accident occurred, does not necessarily put the town in default. *Klatt v. Milwaukee*, *supra*.

The above question was not submitted to the jury, and is

not answered by any or all of the special findings. All of those findings may be true, and still the jury may have found, had the question been submitted to them, that the town employed all the precautions, and did everything that it could reasonably be required to do, to warn the public to travel upon the graded track alone. Were there such a finding, the judgment should have been for the defendant, notwithstanding the other findings. Because there is no finding upon this alleged fact which the testimony tended to establish, and because the fact, if established, is fatal to a recovery in the action, it necessarily follows that the special findings are not sufficient to support a judgment for the plaintiff. For these reasons the judgment must be reversed.

. Certain questions of practice remain to be considered. The action was brought in the circuit court of Portage county, and afterwards, on motion of plaintiff, the place of trial was changed to the circuit court of Waupaca county. The petition for such change is in the form of an affidavit signed by Judge Cate, but the jurat thereto is not signed. The change was prayed for on the grounds (1) that an impartial trial could not be had in Portage county, where the cause had once been tried; and (2) that the convenience of witnesses and the ends of justice would be promoted by the change. R. S., 718, sec. 2622, subds. 2, 3. The change was granted on the latter ground alone.

The order granting the change bears date November 28, 1882, and it does not appear that any notice of the application therefor was served upon the adverse party. The record shows, however, that counsel for the defendant appeared at the hearing of the motion in opposition thereto. On December 27, 1882, (which was more than twenty days after the order was made), the circuit judge granted an order ex parte extending the time for the transmission of the record to the circuit court for Waupaca county to January 1, 1883. This order is based upon an affidavit of the clerk of the cir-

cuit court of Portage county, excusing the non-transmission of the record. On the day such order was made, the record was duly sent to Waupaca county and filed in the office of the clerk of the circuit court of that county. Before the trial was entered upon in the latter court, counsel for defendant moved that the cause be remanded to the court in which it originated, and upon such motion filed certain objections in writing to the proceedings resulting in such change. These objections, briefly stated, are: (1) The want of an affidavit or sworn petition for such change of the place of trial; (2) the want of authority in the circuit judge at chambers to make the order extending the time for the transmission of the record, after the expiration of twenty days from the date of the order for the change; (3) the order extending the time to transmit the record was made without notice to the adverse party.

1. Under sec. 2628, R. S., the objection that no notice was given of the motion to change the place of trial is not now available to the defendant, because that objection was not taken in writing before the trial, as required by that section. Regularly, due notice of such a motion should be served on the adverse party, who is entitled to be heard before the action is sent to another county. In this case, however, the defendant appeared by counsel, and without objection (so far as appears) resisted the motion on the merits. This of itself is an effectual waiver of the irregularity, and is equivalent to due notice of the motion.

2. The statute under which the place of trial was changed (R. S., ch. 119) prescribes no procedure where the application for the change is made for "the convenience of witnesses and the ends of justice." No affidavit or sworn petition is required by the statute or rules of court. It is sufficient if the judge is satisfied by proof that a cause for the change exists. We know from the record that he had before him the petition of Judge Cate in the form of an affidavit, but

Cartright vs. The Town of Belmont.

with no signature to the jurat, and that sufficient cause is shown therein for the change. We also know that the case had just been tried before the same judge, and it is fair to presume that the circumstances of the trial gave him some idea of the propriety of sending the cause to another county. See *Jackman Will Case*, 27 Wis., 409; *Lego v. Shaw*, 38 Wis., 401; *Schattschneider v. Johnson*, 39 Wis., 387; *Ross v. Hanchett*, 52 Wis., 491. In those cases the place of trial was changed, under subd. 2, sec. 2622, R. S.; but it is not perceived why the rule there established should not prevail in this case, where the change was made under subd. 3 of the same section.

Undoubtedly it was competent for the court to take the oral testimony of witnesses in open court in support of or opposition to the motion. We are not informed by this record whether such proof was or was not made. We only know that the court, being sufficiently advised, determined that a case for the proposed change had been made. The record being silent, we must assume that the adjudication was made upon legal and sufficient proofs. Moreover, did it appear affirmatively that the court had nothing before it but the petition signed by Judge Cate, and were it true that a sworn petition is required, we should be strongly inclined to hold that the objection thereto should have been taken on the hearing of the motion for the change, when the omission of the officer's signature to the jurat might have been supplied; and that it was too late to make it for the first time after the order was made, and the record had been transmitted pursuant thereto. But it is not necessary to decide this point; the objection to the application is overruled on the grounds first above stated. This is but an application of the rule that if the record is silent, regularity, not error, will be presumed.

3. It only remains to consider the objections to the order extending the time for transmitting the record to Waupaca

county. Sec. 2627, R. S., provides that the record shall be transmitted to the clerk of the proper court, and that " if such transmission be not made within twenty days from the making of the order to change the place of trial, or the filing of the record of its affirmance on appeal, if directly appealed from, unless such time be extended, such order shall be deemed vacated, and no change for the same cause thereafter made." It is argued on behalf of the defendant that the provision quoted takes from the court or judge the power, after the twenty days have elapsed, to extend the time for transmitting the record. We think otherwise, for the reason that cases in which the time is extended are expressly excepted from the operation of the statute. This was evidently intended to save the right of the court or judge to grant an extension in all cases authorized by the general statute on that subject, as fully and amply as. though the provision of sec. 2627 above quoted had not been enacted.

The authority for granting the extension is found in sec. 2831, and the procedure in that behalf is therein prescribed. It is there expressly provided that the order may be made by a judge; and the same may be made as well after as before the time limited for doing the act has expired. This court has uniformly given this construction to the section. It is also apparent that the section authorizes the court or judge to act on an *ex parte* application. It requires the party obtaining, the extension to serve on the adverse party a copy of the order, and of the affidavit upon which it was procured. Were notice of motion required, a copy of the affidavit would necessarily accompany the notice (Circuit Court Rule XI, sec. 2); and service thereof, after the order is made, would be superfluous. We do not think the legislature intended to require a double service of the affidavit, and are therefore of the opinion that the statute authorizes the order to be made on an *ex parte* motion, leaving the opposite party to his motion to vacate it, if so advised.

We conclude that the place of trial was effectually changed to the Waupaca county circuit court.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.