Slivitski vs. Town of Wien.

SLIVITSKI, Administrator, Respondent, vs. TOWN OF WIEN,. Appellant.

*May 6 — May 22, 1896.*

*Highways: Death caused by defects: Obstructions outside of traveled track: Court and jury.*

1. To render a town liable for injury by reason of a defective highway, the object or defect causing the injury need not be within the traveled track, provided it is so connected with the traveled track as to render the same unsafe and inconvenient to those traveling thereon.

2. Whether in this case the traveled track was defective at the intersection of the two roads, by reason of a sharp descent, a gully in the track, and the proximity of large logs thereto, and whether plaintiff's intestate, whose wagon ran over the logs in the night time as he turned the corner, was guilty of contributory negligence, were, upon the evidence, questions for the jury, and the trial court properly refused to direct a verdict for defendant or to render judgment in his favor notwithstanding a verdict for the plaintiff.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Brown & Pradt,* and oral argument by *Neal Brown* and *L. A. Pradt.* They contended, *inter alia,* that a town is liable only for defects in the worked and traveled part of the road. It is not bound to keep the highway in its whole width in a suitable or safe condition for travel. *Mathews v. Baraboo,* 39 Wis. 674; *Kelley v. Fond du Lac,* 31 id. 186; *James v. Portage,* 48 id. 680; *Seward v. Milford,* 21 id. 489; *Ireland v. O., H. & S. P. R. Co.* 13 N. Y. 531; *Macomber v. Taunton,* 100 Mass. 256, 257; *Howard v. North Bridgewater,* 16 Pick. 189; *Smith v. Wendell,* 7 Cush. 500. The doctrine that an object may be an obstruction, although not in the traveled track, if so connected with it as to render it defective and dangerous, especially applies to the streets of cities and villages. See

*Fitzgerald v. Berlin*, 51 Wis. 84, 64 id. 203; *Everman v. Menomonie*, 81 id. 626; *Hay v. Weber*, 79 id. 590.

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry*, and oral argument by *E. L. Bump.*

CASSODAY, C. J.    This action is to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the insufficiency and want of repair of a highway in the defendant town, at the southwest corner of the intersection of a north and south road with an east and west road of the town.    This insufficiency and want of repair is alleged and claimed to have consisted of a sharp descent in the highway at this corner; that there was a gully in the track at that point, which made the highway unsafe and out of repair; and that the highway was obstructed at this point by logs on both sides of the road.    It is alleged that there were two logs on the southwest corner, being about two feet in diameter and twelve and sixteen feet long, and that the end of those logs came within eight or nine inches of the traveled track; that the logs on the north side were about four feet long and ten inches in diameter, and from about eight inches to twenty-four inches from the traveled track; that the traveled track at the place in question was from thirteen feet to seventeen feet wide; that it was a dark night, and the deceased approached the corner from the south, going north; that, as he turned at the corner to go west, one of his near wheels passed over one of the logs ten or twelve inches from the end, and the other about twenty inches from the end, and threw deceased out and caused his death.    The answer consists of admissions and denials, and alleges contributory negligence.

At the close of the trial, the jury returned a general verdict in favor of the plaintiff, and assessed his damages at $1,000.    From the judgment entered thereon accordingly the defendant brings this appeal.

It is well settled in this court that, to render a town liable for injury by reason of an alleged defective highway, the object or defect causing the injury need not be within the traveled track, provided it is so connected with the traveled track as to render the same unsafe and inconvenient to those traveling thereon. *Houfe v. Fulton*, 29 Wis. 296; *Wheeler v. Westport*, 30 Wis. 392; *Kelley v. Fond du Lac*, 31 Wis. 179; *Burns v. Elba*, 32 Wis. 605; *Cremer v. Portland*, 36 Wis. 92; *Kenworthy v. Ironton*, 41 Wis. 647; *Cartright v. Belmont*, 58 Wis. 370; *Fitzgerald v. Berlin*, 64 Wis. 203, 207. The question whether the traveled track, at the time and place of the injury, was insufficient or out of repair, was one of fact for the jury, under proper instructions. Id. The same is true as to the alleged contributory negligence on the part of the deceased. Id.; *Richards v. Oshkosh*, 81 Wis. 228; *Cairncross v. Pewaukee*, 86 Wis. 185. It follows from what has been said that the court properly refused to direct a verdict in favor of the defendant. So, it properly refused to render judgment in favor of the defendant notwithstanding the verdict. To render judgment for the defendant under such circumstances would have been contrary to the practice as firmly established by this court. *Sheehy v. Duffy*, 89 Wis. 6. The reasons for the rule are sufficiently stated by Mr. Justice PINNEY in that case. *McFetridge v. Am. F. Ins. Co.* 90 Wis. 142; *Conover v. Knight*, 91 Wis. 573.

No exception appears to have been taken to the admission of evidence, nor to any portion of the charge to the jury. We perceive no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.