HEBBE, Respondent, vs. TOWN OF MAPLE CREEK, Appellant.

*March 26—May 10, 1904.*

*Highways: Injuries: Defect in side track: Accessibility and degree of travel: Stone near track: Special verdict: Form: Double question: Evidence: Photographs.*

1. To entitle a traveler driving on a so-called side track of a highway to recover for injuries sustained by reason of a defect therein, it is not necessary that such track should have been "equally accessible" or have been "apparently as much traveled" as the main track. It is sufficient that it was reasonably accessible to travelers and appeared to have been recently traveled to a considerable extent as a part of the public highway.

2. The form of a special verdict is very much in the discretion of the trial court.

3. A question, submitted for a special verdict, as to whether a stone constituted a defect in the highway which was the proximate cause of an accident, was double, but being answered in the affirmative under instructions clearly explaining it, there was no prejudicial error.

4. A stone may constitute a defect in a highway, though it is not within the traveled track, if it is so near such track that the wheels of passing vehicles driven with ordinary care are likely to come in contact with it, and is dangerous to such vehicles and persons therein.

5. A witness familiar with a certain locality may state whether a photograph is a substantially correct representation of that place as it existed at the time of an accident, though he was not present when the photograph was taken.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge.  *Affirmed.*

This action was commenced June 1, 1900, to recover damages for injuries to the plaintiff's wife and property, caused by an alleged defect in the public highway on the evening of December 3, 1899.  The complaint contains the usual allegations in such cases.  The answer consists of admissions, denials, and counter allegations to the effect that the plaintiff was guilty of contributory negligence, and that the alleged defect was outside of the traveled portion of such highway. At the close of the trial the jury returned a special verdict, to the effect (1) that an accident did happen at the time and in the vicinity of the place stated, resulting in injuries to the plaintiff's wife and property; (2) that the so-called east track of the highway was of sufficient width to accommodate the public travel at the time and place in question; (3) that the so-called west track was reasonably accessible to travelers going south at said time and place; (4) that said west track at the time did appear to have been recently traveled to a considerable extent as a part of the public highway; (5) that the stone complained of did constitute a defect in the highway at the time and place in question, which was the proximate cause of the accident; (6) that such defect in the highway had existed for such length of time that, in the exercise of ordinary care, the officers of the defendant town ought to have known of and repaired it before the accident; (7) that the plaintiff was not guilty of any negligence or want of ordi-

nary care and prudence at the time and place in question which promimately caused or contributed to the injuries complained of; (8) that they assessed the plaintiff's damages at $145.65. From the judgment entered upon such verdict for the amount stated, with costs, the defendant brings this appeal.

For the appellant there was a brief by *Humphrey Pierce* and *A. M. Spencer,* attorneys, and *Pierce & Lehr,* of counsel, and oral argument by *J. E. Lehr.*

For the respondent there was a brief by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

CASSODAY, C. J.    It is undisputed that the highway at the place in question ran in a northerly and southerly direction; that at the place of the accident there were two tracks—one on the easterly side of the highway, designated as the main track, and the other on the westerly side of the highway, which for convenience we will call the side track; that the defect complained of consisted of a stone at or near the easterly side of the side track; and that such side track ran into the main track several rods north of where the stone was located.    There is evidence on the part of the plaintiff tending to prove that he had been in the habit of passing over the road in question twice a year; that on the morning of December 3, 1899, he took his wife and four children in a big lumber wagon, with four-inch tires, and spring seat on the box, drawn by two horses, from his home, some miles distant from the place of the accident, and went on a visit to his father's home, some miles distant from that place; that in going he drove past the place of the accident upon the main track mentioned; that there was no snow on the ground at the time; that he returned with his team and wife and children just at dusk in the evening; that, at or about the time he reached the junction between the side track and the main

track, he met a team coming from the south on the main track, and in consequence he turned onto the side track and drove on an ordinary trot, and, after going a few rods on the west track, his wagon struck a stone on the left-hand side, and threw him out on the right-hand side, and the lines were jerked away from him, and his horses ran about a quarter of a mile, and there struck a telegraph pole; that his wife was thrown out and was rendered unconscious during that night, and the wagon was broken.

1. Error is assigned because the court submitted to the jury the question: "Was the so-called west track *reasonably accessible* to travelers going south at said time and place?" The objection is based upon the use of the words "reasonably accessible," and the court was asked to substitute in place of them the words "equally accessible." This is urged upon the ground that a traveler upon a public highway has no choice in the selection of traveled tracks unless they are "equally accessible," or unless he selects the one most accessible, and that, if he takes the one least accessible, then he is precluded from recovering any damages by reason of any defect therein. In support of such contention, counsel seem to rely upon *Kelley v. Fond du Lac,* 31 Wis. 179. It was there held that:

"Towns are not bound to keep highways in a suitable condition for travel in their whole width, and their liability is limited primarily to damages caused by defects in the traveled track. · If a traveler, without necessity, or for his own pleasure or convenience, deviates from the traveled track, which is in good condition, and in so doing meets with an accident from some cause outside of such track, the town will not be liable for resulting damages."

Soon after this court held that "a town is liable for defects anywhere in the worked and traveled part of a highway, although the same may be wide enough for three or four teams abreast." *Matthews v. Baraboo,* 39 Wis. 674. True,

it was said by Mr. Justice Lyon in a later case, cited by counsel, that:

"To relieve itself from liability when the public travel, or some part of it, has diverged from the prepared track, and has formed another track, equally accessible to travelers, and apparently as much traveled as the other, the town should give some reasonable notice to the public traveling there that the use of the side track is unauthorized." *Cartright v. Belmont,* 58 Wis. 370, 373, 374, 17 N. W. 237.

But that is very different than to hold that there can be no liability unless the side track is equally accessible to travelers, or where it is reasonably accessible to travelers. In that case the side track extended a considerable distance north and south of the place of the accident, and "had never been opened for travel by the town, but was usually used by the public in traveling the highway when the plaintiff was injured." 58 Wis. 371, 17 N. W. 238. Nevertheless the court said that:

"There may be two or more authorized traveled tracks along the same highway, and, where there are more than a single track, and nothing has been done by the authorities to indicate to travelers that any of the tracks are unauthorized, the traveler may well assume that travel is authorized upon any of them." 58 Wis. 373, 17 N. W. 238.

And it was there held "that there was sufficient testimony to be submitted to the jury on the question whether the town employed reasonable and proper means to warn travelers that the side track was unauthorized, and that they were required to take the graded track." 58 Wis. 374, 17 N. W. 239.

The decision in that case supports the ruling of the trial court in submitting the question mentioned. See, also, *Schuenke v. Pine River,* 84 Wis. 669, 54 N. W. 1007; *Bills v. Kaukauna,* 94 Wis. 310, 68 N. W. 992; *Wells v. Remington,* 118 Wis. 573, 95 N. W. 1094, 1096. In this last case it was urged with much force that, had the deceased taken the other track, the accident would not have happened. We

must hold that there was no error in submitting the question mentioned, nor in refusing to modify it as requested.

2. Error is assigned because the court submitted to the jury this question:

"Did the said west track at the time appear to have been recently traveled to a considerable extent as a part of the public highway?"

The court was requested to submit to the jury a question as to whether the west track was "apparently as much traveled as the east track." The objection complained of is sufficiently answered by what has been said. As this court has often observed, the form of the special verdict is very much in the discretion of the trial court. We perceive no abuse of such discretion in submitting the two questions mentioned. Certainly they were not faulty or misleading.

3. After what has been said, and the submission of the two questions as indicated, it is unnecessary to add that there was no error in refusing to submit to the jury the question whether the west track at the time in question was "equally accessible to travelers and apparently as much traveled as the east track."

4. For similar reasons, there was no error in refusing to instruct the jury to the effect that the plaintiff had no right to presume the west track to be a part of the traveled portion of the highway, and to pass from the east track upon it, unless it "was equally accessible to travelers and apparently as much traveled as the east track."

5. Error is assigned because the court submitted to the jury this question:

"Did the stone complained of constitute a defect in the highway, at the time and place in question, which was the proximate cause of the accident?"

It is claimed that this question is double and misleading. The question is certainly double. It called upon the jury to determine whether the stone constituted a defect in the high-

way, and also whether it was the proximate cause of the accident. Both questions were coupled together. The court told the jury that the question "involves two distinct propositions, both and each one of which are to be considered before answering it." They were further told, in effect, that, if they should find that the stone was a defect in the highway, then they should inquire whether or not such stone was the proximate cause of the accident, and that if they found that the stone was a defect, and that it was the proximate cause of the accident, then they should answer the question "Yes." Had the jury answered in the negative, it would have been impossible to determine whether they found that the stone did not constitute a defect in the highway, or that it was not the proximate cause of the accident, or that it was neither a defect nor the proximate cause of the accident. But the jury answered the question in the affirmative. To do so, they necessarily found that the stone constituted a defect in the highway, and also that it was the proximate cause of the accident. This being so, the fact of the question submitted being double was not a prejudicial error. The reason for this is sufficiently pointed out by Mr. Justice Dodge in *Shaw v. Gilbert,* 111 Wis. 183, 184, 86 N. W. 188.

6. In charging the jury upon that question, they were told, in effect, among other things, that if the west track was not a part of the traveled track of the highway, apparently opened to the use of the public for the purpose of travel, then the stone in question was not a defect in the highway. Such portions of the charge were certainly favorable to the defendant. But exception is taken because the court also charged the jury upon that question to the effect that if the west track was a part of the traveled portion of the highway, and the stone in question was in such traveled track, or so near the same as to be likely to come in contact with the wheels of vehicles passing that point, being driven with ordinary care, and if such stone was dangerous to such vehicles and persons

therein, then such stone was a defect in the highway. We perceive no reversible error in such portions of the charge. This court has repeatedly held that, "to render a town liable for injury by reason of a defective highway, the object or defect causing the injury need not be within the traveled track, provided it is so connected with the traveled track as to render the same unsafe and inconvenient to those traveling thereon." *Slivitski v. Wien,* 93 Wis. 460, 462, 67 N. W. 730, and cases there cited; *Carpenter v. Rolling,* 107 Wis. 559, 563, 83 N. W. 953; *Wells v. Remington,* 118 Wis. 573, 95 N. W. 1094, 1096; *Jenewein v. Irving,* 99 N. W. 346.

7. Counsel objected to the competency of the plaintiff to testify whether a photograph presented to him was a picture of the stone, unless he was present when the photograph was taken. The court ruled that if the witness was familiar with the locality, as appeared, then he might state whether a given picture was a substantially correct representation of it at the time of the alleged accident, no matter when it was taken. We perceive no error in such ruling, and we find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.