### BLAZOSSECK v. REMINGTON & SHERMAN CO.

(Circuit Court, E. D. Pennsylvania. December 23, 1905.)

#### No. 29.

1. JUDGMENT—NOTWITHSTANDING VERDICT.

    Where the evidence on material issues of fact was conflicting to such extent as to require the submission of such issues to the jury, the court, will not grant a motion for judgment notwithstanding the verdict.

    [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 367.]

2. NEW TRIAL—GROUNDS—INADEQUACY OF VERDICT.

    The court will not grant a new trial on motion of plaintiff on the ground that the amount of the verdict was inadequate, where in its opinion the verdict should have been for the defendant.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 151, 152.]

At Law. On motion by plaintiff for new trial, and motion by defendant for judgment notwithstanding the verdict.

George Demming, for plaintiff.

Frank P. Prichard, for defendant.

J. B. McPHERSON, District Judge. That the plaintiff was himself guilty of negligence, whereby his present unfortunate condition was produced, I have personally little doubt, but the jury was of a different opinion, and I cannot say that the facts were so clear and undisputed that the question should have been decided by the court as a matter of law. Upon both questions—the defendant's negligence being the other—it seemed to me that the testimony would have amply justified a verdict for the defendant, but I have no disposition to interfere with the jury's right to take a different view, since the evidence was certainly conflicting, and the settlement of the dispute belonged properly to that tribunal.

Entertaining this opinion, I do not see my way to grant a new trial on the ground that the amount of the verdict is inadequate.

The motions for new trial, and for judgment notwithstanding the verdict, are refused.