ROESER, Respondent, vs. SAUK COUNTY, Appellant.

*December 4, 1917—January 5, 1918.*

*Highways: Injury from defect: Sufficiency of complaint: Curbing at
end of short culvert, hidden by weeds: Contributory negligence:
Proximate cause.*

A complaint alleging, among other things, that after the automo-
bile in which plaintiff was riding had been forced by a passing
tractor to turn entirely out of the traveled track of a highway
near a short culvert which crossed such track, the driver, in
getting back to the track, though using due care, struck a ce-
ment curbing which had been built at the end of the culvert,
extending about twelve inches above the level of the highway,
and which was entirely hidden from view by weeds which the
defendant county had negligently allowed to grow up around it,
and that plaintiff was thereby thrown against the front seat and
injured,—is *held*, on demurrer, sufficiently to show that the
highway was defective and not reasonably safe for travel, and
not to show, as matter of law, contributory negligence or that
the alleged defect was not the proximate cause of the injury.

APPEAL from an order of the circuit court for Sauk county:
E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action by the plaintiff, *Casper Roeser,* to re-
cover damages for alleged personal injuries which he claims
were caused by a defective highway of the county of *Sauk.*
The plaintiff presented a claim for damages to the county
board. His complaint alleges that he, *Casper Roeser,* suf-
fered injury and great damage to his person on August 21,
1916, by reason of the insufficiency and want of repair of a
public highway in the town of Prairie du Sac; that such in-
jury occurred at a place near the center of the highway; that
there is a galvanized iron culvert fifteen feet in length run-
ning north and south across the traveled part of the high-
way; that the ground above said culvert is level, except
that there is a little rise where the main traveled track is,
the rise of ground not exceeding twelve inches; that at each
end of the galvanized iron culvert there has been erected a
cement curbing, which extends about twelve inches above the

VOL. 166—27

level of the highway; that the county of *Sauk* carelessly and negligently allowed a large quantity of weeds to grow up around this cement curbing so that the curbing was entirely hidden from view and could not be seen by anybody traveling along the highway. The complaint further alleges that on August 21, 1916, the plaintiff and Louis Reible were riding over this highway in a two-seated automobile belonging to Mr. Reible; that when they came near the culvert they met a tractor owned by the county of *Sauk,* which tractor had attached to it a sleeping bunk and a cook shanty; that the tractor kept the middle of the road, obliging Reible to turn entirely out of the traveled track and into the weeds near the culvert; that Reible stopped and allowed the tractor to pass, and that after it had passed he started his car to turn back into the traveled track and in so doing was obliged to pass through the heavy weeds, and, not being able to see the cement curbing on the north side of the culvert, he ran into the same. The complaint alleges that Reible used reasonable and due care when he drove his automobile; that the culvert could not be seen, although due care was used, because the same was entirely covered and hidden by weeds growing around it; and by reason of the negligence and carelessness of the county in building the culvert too small and near the center of the highway, Reible, without any fault on his part, ran into the cement curbing. The automobile struck the curbing with great force, the complaint continues, throwing the plaintiff forward against the front seat, his breast striking the iron railing of the front seat and internally injuring him, affecting his lungs and other internal organs; that he was obliged to employ doctors to take care of him, and that he has since been unable to perform work of any kind. The complaint asks the recovery of damages of $2,500 by reason of the loss of the plaintiff's time, doctor bills, and by reason of the aforementioned injuries. The county board disallowed the plaintiff's claim, and he appealed to the circuit court.

The defendant demurred to the complaint on the ground that it appears on the face thereof that the same does not state facts sufficient to constitute a cause of action. The court overruled the demurrer. The defendant appeals from this order.

The cause was submitted for the appellant on a brief signed by *James H. Hill,* district attorney, and *F. R. Bentley,* of counsel, both of Baraboo, and for the respondent on that of *Grotophorst, Thomas, Rieser & Quale* of Baraboo.

SIEBECKER, J. The complaint must be liberally construed. The allegation that the culvert was so defectively constructed as to render the highway unsafe for travel by the smallness of the culvert, the erection of the twelve-inch cement curbing at the ends, and by allowing the same to be wholly obscured by weeds as to be invisible to travelers using the traveled track or when the traveler was obliged to drive outside the traveled track to permit other vehicles to pass him near or on the culvert, is sufficient to allow the plaintiff to show that the highway was insufficient and not reasonably safe for public travel within the calls of the provisions of sec. 1339, Stats. *Wheeler v. Westport,* 30 Wis. 392; *Sweetman v. Green Bay,* 147 Wis. 586, 132 N. W. 1111; *Hebbe v. Maple Creek,* 121 Wis. 668, 99 N. W. 442; *Carpenter v. Rolling,* 107 Wis. 559, 83 N. W. 953.

Whether or not the alleged defect was the proximate cause of the injury and whether or not the driver was guilty of contributory negligence which releases the county from any liability, are questions which necessarily depend upon the facts and circumstances of the case. The allegations of the complaint do not set forth a state of facts which shows as matter of law that the driver was guilty of contributory negligence or that the alleged defect of the highway was not the proximate cause of the injury.

*By the Court.*—The order appealed from is affirmed.