## STERNBERG v. FIRST NAT. BANK OF CAMDEN.

(Circuit Court of Appeals, Third Circuit.   April 26, 1922.)

No. 2795.

1. **Judgment** ⊜199(1)—**Notwithstanding verdict entered only when adverse party is not entitled in law to judgment.**

The judgment notwithstanding the verdict is entered for the plaintiff when it appears on the record, either from some matter growing out of the pleading or because the fact found by the jury is immaterial, that the defendant is not in law entitled to the judgment.

2. **Judgment** ⊜199(3)—**Notwithstanding verdict cannot be entered, where material issue of fact was submitted on conflicting evidence.**

Where a material issue of fact has been raised by proper pleadings and submitted to the jury on conflicting evidence, the court has no authority to review the facts or to make a different finding, even if it were disposed to do so, and cannot, therefore, grant plaintiff's motion for judgment notwithstanding the verdict for defendant.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by B. Wm. Sternberg against the First National Bank of Camden. Judgment for defendant, and plaintiff brings error. Affirmed.

B. Wm. Sternberg, of Philadelphia, Pa., in pro. per.

Fell & Spalding and Henry Spalding, all of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The single question is whether the trial court erred in refusing judgment non obstante veredicto. In a review of this nature we look very carefully into the issues raised by the pleadings and the testimony submitted to the jury.

The plaintiff, by his statement of claim, averred that the defendant bank is indebted to him in the sum of $3,340 for deposits made in 1899 and ever since remaining to his credit. The defendant, by its affidavit of defense, admitted that at one time the plaintiff had a deposit account with it, but averred that in 1898 he closed the account by drawing against it for the full amount; that since that time the plaintiff has made no deposits; and that, accordingly, it owes him nothing. This sharp issue of fact raised by the pleadings was tried to a jury. Conflicting testimony in support of these opposite averments was introduced and the case submitted without exception by the plaintiff to any ruling or to the charge of the court. The verdict was for the defendant. The plaintiff moved for judgment non obstante veredicto on the contention that the evidence for the defendant was both false and insufficient. The court denied the motion and the plaintiff sued out this writ of error.

Laying aside any question of the plaintiff's right to maintain this writ, we are disposed to give consideration to the ground on which

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it is based, especially as the plaintiff, who appeared and tried the case in propria persona, is not trained in the law. We are constrained to believe, however, that the grievance he feels is due to a misconception of the law which he invoked.

[1, 2] Judgment non obstante veredicto, technically, is entered for the plaintiff, on his motion, when it appears on the record, either from some matter growing out of the pleading or because the fact found by the jury is immaterial, that the defendant is not, *in law,* entitled to the judgment; as, for instance, where a verdict has been found for the defendant on an insufficient plea in avoidance, Jones v. Fennimore, 1 G. Greene (Iowa) 134; Dewey v. Humphrey, 5 Pick. (Mass.) 187; or where the plea confesses the action and fails to avoid it, Martindale v. Price, 14 Ind. 115; or where the plea, though true, is neither a bar nor an answer, Sullenberger v. Gest, 14 Ohio, 204. But where a material issue of fact has been raised by proper pleadings and submitted to the jury on conflicting evidence, the dispute belongs exclusively to that tribunal. The court has no authority to review the facts and, as matter of law, make a different finding even if it were disposed to do so. Blazosseck v. Remington & Sherman Co. (C. C.) 141 Fed. 1022; Slivitski v. Wien, 93 Wis. 460, 67 N. W. 730; Bouvier's Law Dictionary, 1719, 2357, 2358.

As the evidence on the one material issue of fact in the case was conflicting, the trial court was without power to grant the plaintiff's motion for judgment non obstante veredicto. Therefore, the judgment entered on the verdict must be affirmed.