FITZGERALD, Respondent, vs. THE CITY OF BERLIN, Appellant.

*September 24 — October 13, 1885.*

*Municipal corporations: Defect outside of traveled portion of sidewalk.*

A municipal corporation is not responsible for an injury caused by a defect in a private structure (in this case an insufficiently guarded stairway leading to a basement) made by a lot-owner on his own

| 64 | 203 |
| 79 | 590 |
| 64 | 203 |
| 81 | 626 |
| 64 | 203 |
| 85 | 359 |
| 64 | 203 |
| 93 | 462 |
| 64 | 203 |
| 96 | 302 |

land entirely outside of the traveled portion of the sidewalk and not connected therewith in such a way as to endanger the safety of those traveling thereon, even though such structure happens to be within the line of the street as originally surveyed.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice CASSODAY:

"This action is to recover damages for personal injuries sustained on the evening of December 31, 1877, by reason of a defective sidewalk in the defendant city. The defense was, in effect, that the *locus in quo* was the stairway to the basement of a lot-owner's building, and his private property, which was properly guarded, and had existed in that condition for more than twenty years, and that no part of it was in the public street or sidewalk; and that the plaintiff's negligence contributed to the injury.

"The first trial resulted in a verdict for the plaintiff, which was reversed for intervening error. 51 Wis. 81. On the last trial the jury returned a special verdict to the effect (1) that the plaintiff fell down the stairway; (2) that the opening was wholly within the north line of Broadway street; (3) that such north line was on the south line of the buildings on the north side of that street; (4) that the opening was protected by a bar across the west end, prior to the accident; (5) and that was not a sufficient protection; (6) that the plaintiff was familiar with this opening before and at the time of this accident; (7) that the plaintiff could not, by the exercise of ordinary care, have seen the opening when he came out of Soper's saloon just before the accident; (8) that the plaintiff was not then intoxicated; (9) nor guilty of any negligence which contributed to the injury; (10) that they found for the plaintiff; (11) and assessed his damages at $1,300. From the judgment entered thereon, the defendant appeals."

For the appellant there was a brief by *Waring & Eichstaedt*, and oral argument by *Mr. Waring.*

For the respondent there was a brief by *Finch & Barber*, attorneys, and *T. W. Spence*, of counsel, and oral argument by *Mr. Spence*.

CASSODAY, J. The following facts are not disputed: Broadway ran east and west. Along the north side of it was a continuous sidewalk, at least six or seven feet wide, passing the *locus in quo* in both directions. The south line of the buildings fronting on this sidewalk was some four or five feet north of the north line of such continuous sidewalk. Between the front ends of these buildings, or most of them, and such continuous line of sidewalk, there were plank walks, the surface of which corresponded substantially with the surface of such continuous walk. Such, however, was not the case at street crossings, nor generally at vacancies between buildings. The stairway in question went down from the west towards the east from near the southwest corner of Galloway & Bassett's store into the basement thereof. This stairway was properly guarded on the east and south by a railing, but not at the entrance to the stairs, except as stated in the verdict. Directly east of the store was a saloon kept by Joyce, and immediately west of the store was a saloon kept by Soper. In the space between the south line of these buildings and such continuous sidewalk (except the space occupied by the stairway and railing) there were intervening walks made of plank, the surface of which corresponded substantially with the surface of the continuous sidewalk. On the evening in question the plaintiff came out of Joyce's saloon and walked westerly around the stair-railing, and went into Soper's saloon. When he came out of that saloon, instead of going out onto the continuous walk and then going east, he fell down the stairway and was injured.

It is claimed on the part of the defendant that the undisputed evidence shows that the north line of the street, as originally surveyed and opened, was substantially on the

north line of such continuous sidewalk and south of the stairway. On the part of the plaintiff it is claimed that there is evidence tending to show that such north line of the street is on the south line of such buildings. For the purposes of this appeal we shall assume that the plaintiff's claim is well founded. The court charged the jury, among other things, in effect, that "if the opening or stairway was within the north line of Broadway street, then the city was bound to keep it in a safe condition; and if it was not so kept, and the accident happened without the fault of the plaintiff," then the defendant was liable. And, again, "if you find from the evidence that a portion only of this entrance was within the line of the street, it was equally the duty of the city to keep such portion in a safe condition and in good repair."

Under these instructions and the questions submitted, the jury were at liberty to find the defendant liable if the stairway, or some portion of it, was within the north line of the street as originally surveyed, even though no portion of it "was within the limits of the sidewalk ordinarily used and traveled by the public." This was in direct conflict with the ruling of this court on the former appeal. 51 Wis. 84. In that case Mr. Justice LYON, after stating that the city was guilty of no neglect of duty in the case supposed, said that "the jury should have been so instructed." He further said: "We think the instruction proposed on behalf of the city, quoted in the foregoing statement of the case, is substantially correct, and should have been given." The same error was repeated by rejecting substantially the same instruction upon the last trial. The reason given is, in effect, that the last trial was on the theory of the defendant's liability if the stairway, or any portion of it, was within the line of the street as originally surveyed,— a feature said not to have been present on the first trial. But we are not prepared to hold that a city is responsible for the existence of

a private structure made by a lot-owner on his own land entirely outside of the traveled portion of the sidewalk, and not connected therewith in such a way as to endanger the safety of those traveling thereon, even though such structure happens to be within the line of the street as originally surveyed. To so hold would subject cities, villages, and towns to liability for defects in private walks leading from the public sidewalk to private buildings in every case where such defect happened to be within the line of the original survey. It frequently happens that streets and highways are not laid out upon nor opened up to the exact lines of the original survey. It is only such portions of the street or highway as have been used by the public for travel thereon which are required to be kept free from defects. *Matthews v. Baraboo*, 39 Wis. 677. Where the defect complained of is wholly outside of the traveled track or sidewalk used by the public for travel, and not connected therewith so as to endanger the safety of such public travel thereon, there can be no recovery, notwithstanding the same was within the lines of the original survey of the street or highway, and in a private walk leading from such traveled track or sidewalk to a private building or private place of business. *Cartright v. Belmont*, 58 Wis. 373.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

