EVERMAN, Respondent, vs. THE CITY OF MENOMONIE, Appellant.

*February 26 — March 22, 1892.*

*(1) Practice: Reopening case for new evidence: Discretion. (2, 3) Municipal corporations: Defective sidewalks: Personal injuries: Evidence.*

1. The refusal to reopen a case after it had been argued to the jury, on the mere statement of defendant's attorney that he had just heard that a certain person would corroborate the principal witness for the defense, is *held* not to have been an abuse of discretion.

2. In an action against a city for personal injuries sustained in falling down a stairway leading from a sidewalk to a basement, evidence that the sidewalks on other streets of the city which had a greater amount of travel were of less width than the walk where the accident occurred was properly excluded.

3. In an action for personal injuries alleged to have been caused by a defect in a sidewalk, the fact that the defect complained of was outside the usually traveled track or sidewalk will not defeat a recovery if it was so connected therewith as to endanger the safety of public travel thereon.

APPEAL from the Circuit Court for *Dunn* County.

Action for injuries alleged to have been caused by a defective sidewalk. The plaintiff, *Mary Everman*, on the evening of the 15th of November, 1888, while upon the sidewalk on the north side of West Eagle street in the defendant city, fell down a stairway which leads to the basement of the Hotel Royal. The stairway was parallel to and adjoining the building. There was a railing around the opening in the sidewalk made necessary by the stairway, except at the entrance or east end, where there was no gate or rail. The width of this stairway between the building and outside rail was three feet eight inches, and of the actual unprotected opening three feet four inches. The sidewalk along the building, except where the stairway is taken out, was ten feet in width, and extends to the build-

ing, and the building is practically on the street line. The trial resulted in a verdict for the plaintiff for $600 damages, and from judgment upon such verdict defendant appeals.

For the appellant there was a brief by *J. R. Mathews*, city attorney, and *F. J. McLean*, and oral argument by *Mr. McLean*.

*R. D. Whitford*, for the respondent.

WINSLOW, J. The appellant's brief contains no distinct enumeration of the errors relied on, but we gather from the brief that the appellant relies upon four alleged errors, which we will discuss in their order.

1. After the case was closed, a motion for nonsuit made and overruled, the cause argued to the jury, and the judge about to charge the jury, the defendant's counsel said to the court: "I have just heard, on my way to court just now, that our city marshal, Mr. Wright, was standing right by Mr. S. R. Bush at the time the plaintiff fell, and he says they shoved her off, and he knew it to be a fact, and did not want to say anything about it." Defendant's counsel also offered to produce the witness. S. R. Bush was a witness who had testified for defendant upon the trial to the effect that he saw the plaintiff at the time of the accident, and that she was standing still watching a torch-light parade, and was shoved into the stairway by the crowd. The court refused to reopen the case to admit this evidence, and defendant excepted. This application was addressed to the sound discretion of the court, and there must be an abuse of discretion to authorize a reversal. 1 Thomp. Trials, sec. 348. While the tendency of the courts is to be liberal in such matters, and to admit rather than exclude testimony, we cannot say the ruling here was an abuse of discretion. It is to be noticed that the counsel's statement as to the expected testimony is mere hearsay. He said, substantially, "I have heard that Mr. Wright says." What

might have been the duty of the court, if the counsel had stated what the witness would testify to from the witness' own statement, is not necessary to determine.

2. Defendant's counsel asked numerous questions with the purpose of showing that the sidewalks upon other streets of the city, which had a greater amount of travel, were of less width than the walk upon West Eagle street, where the accident occurred. These questions were objected to, and the objections sustained, and these rulings are alleged as errors. The rulings were clearly right. It would throw no light on the sufficiency of the walk in question to show that it was wider or narrower than a walk upon another street. The question simply was whether the walk where the accident happened was in reasonably safe condition, considering its situation and the amount of travel ordinarily to be expected thereon. The usual amount of travel upon the street, and the fact as to whether it was one of the main streets or simply a side street, was proper to be shown, and the circuit judge substantially so ruled.

3. Defendant claims that the evidence was undisputed that the stair opening was outside of the usually traveled walk, and that consequently the case comes within the rule established in *Fitzgerald v. Berlin*, 64 Wis. 203. While it may be conceded that the evidence pretty clearly shows that the general current of travel along this entire sidewalk was outside of the line of this stairway, it does not necessarily follow that the plaintiff cannot recover. The rule laid down in the *Fitzgerald Case* was that, "where the defect complained of is wholly outside of the traveled track or sidewalk used by the public for travel, *and not connected therewith so as to endanger the safety of such public travel thereon*, there can be no recovery." The circuit judge charged the jury that if such was the case here the plaintiff could not recover. There was certainly sufficient evidence to go to the jury upon the question whether this unguarded open-

ing was so connected with the traveled way as to amount to a defect in the street, and this question seems to have been fairly submitted.

4. It is claimed that the evidence shows that the plaintiff was guilty of contributory negligence, and that a nonsuit should have been granted on that ground. Careful reading of the evidence convinces us that the question was properly for the jury.

*By the Court.*— Judgment affirmed.