PITTENGER, Administrator, Respondent, vs. THE TOWN OF HAMILTON, Appellant.

*May 6 — May 23, 1893.*

*Towns: Injury from defective street or sidewalk.*

The liability of a town for injuries sustained by a traveler, while crossing a street, by stepping upon an upturned nail in a board at the edge of a sidewalk, is not affected by the fact that such board was not attached to and did not constitute a part of the walk, if it was so near the traveled portion of the walk or street as to endanger travel thereon.

APPEAL from the Circuit Court for *La Crosse* County. The amended complaint alleges, in effect, that for a long time prior to March 6, 1890, the sidewalk described had been in a dangerous and defective condition, and that several weeks prior to said date, in patching up said sidewalk, a board or plank had been placed lengthwise and along the top of the outside stringer, to nail the planks of said sidewalk to; that said plank so laid lengthwise and along said stringer projected some inches outside of said stringer and outside of the ends of the sidewalk planks, and in the exposed portion thereof there were left several old, rusty nails sticking out, with their points upward, upon which persons stepping along or upon said sidewalk were liable to tread; that such sidewalk and said plank, with said nails sticking up therefrom, had been carelessly and negligently suffered and permitted by the officers of said town to remain in said dangerous and defective condition for a long time prior to said March 6, 1890; that in the evening of said day, while said plank and sidewalk were in such dangerous and defective condition, the plaintiff's intestate, Minnie E. Pittenger, was lawfully and carefully passing along and crossing said street, and in stepping upon said sidewalk from the street at the point aforesaid, without any

fault or negligence upon her part, stepped her foot upon one of the nails so sticking up out of said plank, which nail penetrated and passed through her shoe and into her foot, from the result of which she died March 21, 1890; that at the time of such injury and death said Minnie E. was a minor daughter of this plaintiff, and about seventeen or eighteen years of age, and unmarried, and resided with him; that she was strong and in good health, and that the plaintiff, her father, was and is old, in poor health and indigent circumstances, and was largely dependent upon said Minnie for support and for care of his household; that May 23, 1890, the plaintiff was appointed administrator of the estate of said Minnie; that July 9, 1890, notice was given, as required by statute, and a claim was filed in the office of the town clerk, to be laid before the board of audit, but that the defendant had neglected and refused to pay said claim. Judgment is demanded for $5,000.

The answer admits the existence of said public street, and denies all allegations of the complaint as to the condition thereof and the manner of the alleged accident or any negligence on the part of the defendant or any of its officers, or of any actual or constructive notice of the existence of the defect alleged.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,000. From the judgment entered upon said verdict the defendant appeals.

For the appellant there was a brief by *Losey & Woodward,* and oral argument by *G. M. Woodward.*

For the respondent there was a brief by *Bleekman & Bloomingdale,* and oral argument by *A. E. Bleekman.*

CASSODAY, J.   In view of the issue presented by the pleadings, as mentioned in the foregoing statement, it is claimed that the trial court committed an error in charging the jury

Pittenger vs. The Town of Hamilton.

that "so far as the liability of the town is concerned, I do not see as there is much difference — or any difference, perhaps — whether the board was fast to the sidewalk or not. It was not in the line of the sidewalk, and a person going across the street in the way this young lady is represented to have gone would be, for anything that I can see, just as liable to get hurt on a nail in one position as in the other. So I do not think that it is very material which view of the question obtains." The court had already told the jury that: "No one claims, I believe, that the cause of this injury was a part of the sidewalk. It was outside of the sidewalk, and the only dispute in the evidence about this, I think, is whether the board which contained the nail which did the damage was fastened to the sidewalk or not; that the nail, by all accounts, was outside of the line of the sidewalk. And that circumstance is proper for you to consider in determining whether that sidewalk or highway was reasonably safe, in respect to its causing that accident. That involves the question whether any one passing along the sidewalk would be reasonably safe from any injury by this nail. That is involved in the question of whether that sidewalk, considered as a part of the street, was reasonably sufficient and safe."

In view of the undisputed evidence, we perceive no error in the charge. The chairman of the town, who saw the *locus in quo* just after the accident, testified to the effect that at the point in question the walk was constructed of two-inch planks laid upon three stringers; that the ends of the planks projected over the stringer, on the side towards the street, from two and one-half to three inches; that the dirt or ice of the street was about four inches below the under side of the planks, as they extended over the stringers; that the board lay flat on the ground, and extended lengthwise down the sidewalk about four feet; that the south end of it extended out into the street ten inches or a

foot; that it might have gone up an inch under these planks that ran over or nearly to the edge of it, and lay bedded in the ground; that it lay flat on the ground, and looked as if it had lain there for some time; that it was bedded in there a quarter or half an inch; that it had a regular bed there; that it was not frozen in at the time, but was bedded there.

It will be observed that Minnie was crossing the street at the time she stepped upon the nail and was injured, and by reason of which she soon after lost her life. Counsel seem to think that unless the board with the nail projecting upward was attached to, and constituted a part of, the sidewalk, there could be no recovery. But it is well settled that where the defect is so near the traveled portion of the walk or street as to endanger travel thereon the town is liable. *Fitzgerald v. Berlin,* 64 Wis. 203; *Hay v. Weber,* 79 Wis. 590. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.