BENJAMIN D. REA, Appellant, v. CITY OF SIOUX CITY IOWA.

**Sidewalks: OBSTRUCTION: NEGLIGENCE.** Where a city was charged
1  with knowledge that a sidewalk had become out of repair whereby pedestrians were induced to travel at the side of the walk, but between the curb and lot line, it was negligence for the city to permit an obstruction to remain in such traveled path and to allow snow and ice to accumulate about it so as to render the path unsafe.

**What constitutes a sidewalk.** Where a sidewalk has become un-
2  suitable as a walk and pedestrians constantly use another portion of the street between the curb and lot line, the portion thus used is a sidewalk within the meaning of the term.

**Sidewalk obstruction: VARIANCE.** A city may be liable for negli-
3  gently permitting an obstruction to remain adjacent to a side-

walk, in the parking between the curb and lot line; and proof of such an obstruction will support a petition alleging that the same was located in and about the middle of the traveled portion of said sidewalk.

**Contributory negligence.** One may rightfully attempt to reach a sidewalk from a street at a place other than the street crossing, and in attempting to do so it is not a knowledge of a dangerous obstacle but failure to exercise reasonable care to avoid it that constitutes negligence.

*Appeal from Woodbury District Court.*— HON. WM. HUTCHINSON, Judge.

MONDAY, JUNE 12, 1905.

ACTION to recover damages for personal injuries received by plaintiff in consequence of a fall on a sidewalk in defendant city, occasioned by a defect in such sidewalk. At the conclusion of plaintiff's evidence the court sustained defendant's motion to direct a verdict in its favor, and plaintiff appeals from the judgment entered for defendant in pursuance of this ruling.— *Reversed.*

*Chas. G. Laybourn* and *J. H. Quick,* for appellant.

*J. N. Weaver,* for appellee.

McCLAIN, J.— The allegation of negligence in the petition was that the city had, during the five years preceding the accident, carelessly and wrongfully permitted a sidewalk on the westerly side of Water street, between its intersection with Seventh street and a certain bridge, "to remain out of repair and in an unsafe and dangerous condition, and unfit for public travel and the use of pedestrians, said sidewalk being composed in part of three twelve-inch plank laid upon the ground without stringers or supports to keep the same from the ground, and leaving a portion of the sidewalk used by the public slanting toward said bridge rough and uneven, and with

a wooden peg projecting four or five inches above the ground and surface of such plank, and in about the middle of the traveled portion of said sidewalk, and about fifteen feet southerly from the south end of said bridge," and in permitting snow and ice to accumulate and remain on said sidewalk at about the point where the obstruction existed — that is, where the stake or peg was protruding from the ground — in a rough and uneven condition and in such lumps and mounds as to render said place dangerous to pedestrians and unsafe for use.  The allegations of the petition further charge a continuance of the dangerous condition resulting from the presence of the obstructions and from snow and ice for such length of time prior to the accident that defendant city had full notice and knowledge thereof.  It appears from the evidence that plaintiff, after dark, in attempting to pass from Seventh street, at its intersection with Water street, across the latter street to the sidewalk on the westerly side thereof, in order to cross the bridge, on such sidewalk, stumbled against the peg referred to, and, by reason of such obstruction and the snow and ice accumulated about it, fell, and received serious injuries. The contention for appellee on its motion to direct a verdict was that the peg was not in the sidewalk, but in the parking or space left between the sidewalk and the curb, and that such peg did not constitute an obstruction in the sidewalk under the allegations of the petition, nor any obstruction for which it was liable; and that plaintiff was guilty of contributory negligence in attempting to pass from the paved portion of Water street over the curbing and so-called parking to reach the plank sidewalk.

With reference to the allegations of the petition, it is sufficient to say that, as above indicated, it is not stated that the peg was in the plank sidewalk, but in the middle of the traveled portion of the sidewalk, of which the three twelve-inch plank composed a part.  We think there can be no question that, if a

1. SIDEWALKS: obstruction; negligence.

city is charged with knowledge that planks laid down for a walk in the portion of the street between the curb and the lot line have become so far imbedded in the soil by reason of the want of proper stringers that they have become uneven and unsuitable for travel, and the public has on that account been induced to walk on the surface of the ground beside the plank walk, and a peg or other obstruction has been left in such traveled portion of the street set apart for sidewalk purposes, the city is negligent in allowing such obstruction to exist, and in allowing snow and ice to accumulate about it so as to render the traveled path unsafe.

Much is said in the argument as to the definition of the term " sidewalk," and it is claimed for appellee that· a sidewalk is that part of the street designed to be used by footmen. But we are satisfied that, whatever may have been the original design, if the portion intended for the use of foot passengers be-· comes unsuitable for that purpose, and the public makes constant use of another·part of the street, between the curb line and the lot line, for foot passage, the portion thus used is a sidewalk within the usual meaning of that·term. *James v. City of Portage,* 48 Wis. 677 (5 N. W. Rep. 31); 27 American & English Encyclopædia of Law (2d Ed.) 103.

2. WHAT CONSTITUTES A SIDEWALK.

This much is said in·answer to the contention of the appellee that under the allegations of the petition the plaintiff was properly limited by the trial court to proof of a defective sidewalk. Aside from the claim that there was a variance between the allegations of the pleadings and proof which would warrant the court in withdrawing the evidence of the defect from the consideration of the jury, there is no merit in the contention of counsel that the evidence shows the stake and the ice around it not to have been in the sidewalk; for, in the first place, the city may be liable for dangers adjacent to, and not in, the sidewalk proper, which it permits to exist to the peril of passers. *Rowell v. Williams,* 29 Iowa, 210;

3. SIDEWALK OBSTRUCTION: variance.

*Hall v. Incorporated Town of Manson,* 99 Iowa, 698; *Duffy v. Dubuque,* 63 Iowa, 171; *Bliven v. Sioux City,* 85 Iowa, 346; *Pittenger v. Town of Hamilton,* 85 Wis. 356 (55 N. W. Rep. 423); *Fitzgerald v. Berlin,* 64 Wis. 203 (24 N. W. Rep. 879). The evidence was somewhat in conflict as to the location of the peg or stake on which plaintiff stumbled and fell. According to some witnesses, it was within two inches, or less, from the plank, while other witnesses described it as six or eight inches distant from the plank, or even as midway between the plank and curbing. If it was near enough the plank so that a person passing along with reasonable care might stumble against it, then it constituted a defect in the sidewalk, and the whole question was for the jury.

But it is argued that when plaintiff was injured he was not attempting to use the sidewalk on Water street, but to approach said sidewalk by going from the paved street over the curbing and so-called parking to reach the sidewalk; and this is relied upon as constituting contributory negligence. It is well settled, however, that it is not negligence to attempt to reach the sidewalk from the street at a place other than a street crossing. *Bell v. Town of Clarion,* 113 Iowa, 126, 115 Iowa, 357. And the question was therefore whether, in doing so, the plaintiff was guilty of contributory negligence, in view of the fact that he knew, by reason of having frequently passed along this walk, that the stake was there. He testified that he endeavored to avoid the stake, and to reach the sidewalk nearer the bridge, but in the darkness miscalculated the location, and struck his foot against the stake. Now, certainly, there was nothing in this situation to render his acts conclusively negligent. If he knew of the stake, it was his duty to use reasonable care to avoid it; but if, in the use of reasonable care, he nevertheless stumbled against it, he would not be precluded from recovery. It is not knowledge of a defect which renders a foot passenger negligent in attempting to use the sidewalk in which the de-

*4. CONTRIBUTORY NEGLIGENCE.*

fect exists, but failure to use ordinary care in avoiding the defect either by taking another way, or by passing around the defect, or otherwise endeavoring to escape the danger incident thereto. *Sylvester v. Town of Casey,* 110 Iowa, 256; *Ross v. Davenport,* 66 Iowa, 548; *Barnes v. Town of Marcus,* 96 Iowa, 675. We reach the conclusion that the case should have been submitted to the jury, and that the court erred in directing a verdict for the defendant.— *Reversed.*