Steeno, Appellant, v. Wolff and wife, Respondents.

*May 4—June 6, 1961.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

For the respondents there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs.*

MARTIN, C. J.    The affidavits and exhibits show that the grate in question was one and five-tenths feet wide by four feet long and six inches of it was upon the defendants' property.    It covered an opening in the sidewalk at the point where a basement window was located in the defendants' building.    The grate was held in place by five iron prongs or straps extending from its outer rim over the edge of the sidewalk.    One of such prongs projected one to one and one-half inches above the level of the sidewalk and it was this prong in which the plaintiff caught a strap of her shoe,

causing her to fall upon the grate. It is undisputed that this particular prong was located upon the public sidewalk.

It is alleged in the complaint that the window wells and the iron grates that covered them were placed in the sidewalk along defendants' property at their instance and inured to their benefit; that defendants had control of the window wells and the duty to maintain them in such a way that they would not endanger or impede the progress of users of the sidewalk; that on July 29, 1957, plaintiff was walking past the window wells through heavy pedestrian traffic on her way to catch a bus, caught her toe on an iron prong which held the grate on the sidewalk, which prong projected about an inch above the sidewalk; that she tripped and fell on the grate and sustained certain injuries.

Paragraph 5 of the complaint alleges defendants were negligent in permitting the projection of the prong above the sidewalk level; in permitting the window wells to be constructed in such a manner as to cause the prong to project above the sidewalk; after notice, in failing to repair the window well so that the grate would lie on the sidewalk level with the walking area.

As a second cause of action plaintiff alleged defendants undertook to keep the window wells safe for passage of invitees; that plaintiff was a third-party beneficiary of such undertaking and that a duty was so created which was violated to plaintiff's damage.

In the answer of the defendants it is denied that they caused the window wells and grates to be placed in the sidewalk; denied that they had control of them or had any duty to maintain them in proper condition, position, or repair so as not to allow projections to extend above the sidewalk; alleged that the prong referred to rested upon a cement line around the edge of the window well and that it did not extend above the sidewalk more than approximately one inch; denied they were negligent in permitting a projection

of the prong above the sidewalk or in allowing the window wells to be constructed in a negligent or unworkmanlike manner or, after notice, by not repairing or maintaining the same; denied the allegations of the complaint as to the second cause of action; and alleged plaintiff was contributorily negligent in failing to make a proper observation of the circumstances, the alleged defect being open and apparent to her and to other users of the public sidewalk.

Subsequently defendants served a demand to admit or deny, among other things, that the window grates referred to were installed by the city of West Allis and that their maintenance was a function performed by said city. In the answer to the demand plaintiff denied, on information and belief, that the grates were installed by the city and alleged that they were ordered removed by the city prior to September, 1956, and that defendants contracted with an independent contractor for their removal and the installation of new grates. She admitted the maintenance by the city of the sidewalk and that portion of the grate owned by the city but denied city ownership and maintenance of five inches of the concrete and grate next to the defendants' building.

Defendants filed their motion for summary judgment, accompanied by the affidavit of Milton Wolff in which it is stated, in part:

". . . that the sidewalk grate to which reference is made in the complaint of the plaintiff was installed and paid for by the city of West Allis in connection with modification by said city of the public sidewalk immediately adjoining the premises of the defendants, and that said sidewalk modification was made during the spring of 1956; that your affiant had no direction or control over said modification and method in which it was made or over the erection or maintenance of the grate over the basement window referred to in the complaint of the plaintiff; . . . that your affiant has made actual measurements of the prongs supporting the metal grate and that none of said prongs extend above the

sidewalk in excess of one and one-half inches; that to the best of this affiant's knowledge and belief the condition of said sidewalk grating and the extent by which said prongs extended above the sidewalk has not been materially changed from the date of installation in 1956 to the date of this affidavit."

The affidavit of one of defendants' attorneys sets forth portions of the testimony of the plaintiff on adverse examination to the effect that on the day of the accident there were many people at the place in question, hurrying to catch a bus; that she was crowded; that she saw the grate and avoided stepping on it but was crowded over to it and her shoestrap caught in the prong; that she inspected the grate about two weeks later and took photographs of it and that the prong on which she tripped projected about an inch or an inch and a half above the level of the sidewalk.

In the counteraffidavit filed by one of plaintiff's attorneys it is stated that in a search made of the records in the office of the city engineer for the city of West Allis it was determined that the grate was within and upon the public sidewalk except less than six inches thereof which projected upon the defendants' property.

The first question we will consider is the liability of the property owners under the circumstances of this case. In defendants' affidavit it is stated that the grate was installed and paid for by the city in connection with modification of the public sidewalk made by the city in the spring of 1956, and that defendants had no control over the methods used or the construction or maintenance of the grate; that the condition and position of the grate had not been materially changed from the time it was installed.

While in the answer to defendants' demand to admit or deny, plaintiff denied that the grate was installed by the city and alleged defendants arranged for its installation by an independent contractor, there is no statement whatever to

that effect in plaintiff's counteraffidavit on motion for summary judgment. As this court has frequently held, on motions for summary judgment the evidentiary facts set forth in an affidavit completely supplant any allegations or denials in the pleadings to the contrary. *Weber v. Hurley* (1961), 13 Wis. (2d) 560, 109 N. W. (2d) 65; *Home Savings Bank v. Bentley* (1958), 5 Wis. (2d) 19, 92 N. W. (2d) 377; *Laughnan v. Griffiths* (1955), 271 Wis. 247, 73 N. W. (2d) 587. The facts stated in the affidavit of plaintiff's counsel relate only to two exhibits. One is a diagram of the sidewalk and premises prepared by the city of West Allis engineering department, as to which counsel states his search revealed "that the grate in question is and was within and upon the public sidewalk except less than six inches thereof which projects upon the defendants' property," which fact is undisputed; and the second is an exhibit comprised of two photographs, also undisputed, which counsel merely states are made a part of his affidavit.

Thus, under the uncontroverted evidentiary facts presented on the motion for summary judgment, the city installed the grate and defendants had no control over its construction and no duty with respect to its maintenance.

For the first time on this appeal plaintiff argues that a portion of the defendants' building pressed against the grate and caused the prong to extend above the sidewalk; that this is shown in the photographs. This is not stated in the plaintiff's affidavit, and even if the photographs were considered to show it, there is no statement in her affidavit in answer to defendants' statement that the position of the grate on the day of the accident was substantially the same as it was when the city installed it. There is no dispute about the fact that the part of the grate over which the plaintiff tripped was located on the public sidewalk.

As pointed out by the trial court, where the maintenance of a public sidewalk is the duty of the city, the abutting

property owner cannot be subjected to liability for defects or obstructions existing in a sidewalk over which he has no control. 40 C. J. S., Highways, pp. 292, 293, sec. 254. In *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 359, 75 N. W. (2d) 286, this court held:

"It must be recognized that in a state where there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, in the absence of a statute or ordinance imposing such duty upon him a defect in the sidewalk not caused by him cannot be charged against him."

See also *Brown v. Milwaukee Terminal R. Co.* (1929), 199 Wis. 575, 224 N. W. 748, 227 N. W. 385.

Plaintiff has not presented any facts showing active negligence on the part of defendants in creating the claimed defect, and, as pointed out above, has failed to meet the statements in defendants' affidavit that the city installed the grate and there had been no substantial change in its condition since its installation.

The trial court also held as a matter of law that the alleged defect was not an actionable one. The difference in height between the iron prong and the sidewalk level was claimed to be one to one and one-half inches.

Sidewalks are required to be only reasonably, not absolutely, safe. In *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607, this court made an analysis of the cases involving claimed defects in sidewalks caused by obstructions or differences in level. In such cases the court considered circumstances such as a water-shutoff box, a pipe projection, plank cleats, depressions and differences of elevation between adjacent concrete blocks, involving varying measurements up to two and three-eighths inches. It was also held that even where the claimed defect existed in a place much traveled by the public or where many people

got on and off cars, that fact would not render the difference in elevation actionable.

Plaintiff attempts to distinguish these cases on the ground that they deal with solid masses arising from the surface of the walk. We cannot see the distinction. The facts of *Pittenger v. Hamilton* (1893), 85 Wis. 356, 55 N. W. 423, are compared by plaintiff to the facts in the instant case. There suit was brought against the town for injuries sustained by a pedestrian when she stepped on a nail projecting from the upper surface of a board placed at the edge of a sidewalk, and the court held the question whether the sidewalk was reasonably safe to be for the jury. A nail sticking up in a board, however, is very different from an inch-wide iron strap projecting from a grate over a window well. The former might be neither apparent or anticipated by reason of its size or surroundings, whereas the latter was fully apparent, as plaintiff's own photographs show. Plaintiff stated she saw the grate and tried to avoid walking on it, and the grate was held in place by these metal straps.

We are not persuaded by plaintiff's argument that the projecting prong constituted a trap, that it gave the illusion of resting on the surface of the sidewalk. The photographs show that it created no such illusion. And a condition in a public sidewalk which is discernible in the exercise of ordinary powers of observation is not rendered a trap by the mere fact that it exists in the general area of a bus stop where people are at times likely to congregate.

*Lehman v. Amsterdam Coffee Co.* (1911), 146 Wis. 213, 131 N. W. 362, cited by plaintiff, is not in point. There the plaintiff entered defendant's store to make a purchase. She sustained her injuries as the result of a fall down a stairway which was practically concealed by shelves and stacks of merchandise. The court stated that while it would be reluctant to hold an open stairway a trap, the particular cir-

cumstances regarding concealment were "very much out of the ordinary" and made that question one for the jury.

It is also contended that the alleged defect constituted a nuisance. One of the cases referred to in the *McChain Case, supra,* is *Krejci v. Lojeski* (1957), 275 Wis. 20, 24, 80 N. W. (2d) 794, where a water-shutoff valve protruded one inch above the sidewalk level, and this court held:

"Manifestly, if the condition was not an insufficiency or want of repair so as to constitute negligence for which the city would be liable, it cannot be held to have created a defective and dangerous condition so as to constitute a nuisance, for which the abutting landowner could be held."

The final question to be considered is whether the defendants are entitled to summary judgment. Plaintiff attacks the defendants' affidavits as being vague and insufficient and failing to touch upon many of the issues presented in this case, although she does not disclose the issues she contends are not met. The basic issue raised by the pleadings is that of liability on the part of the defendants. Regarding this issue, defendants' affidavits state that the city of West Allis constructed and installed the window-well grate, that they had no control over its construction, installation, or maintenance, and that the condition complained of was substantially the same as it was when the grate was installed. Since plaintiff's affidavit does not deny these facts, summary judgment was properly granted. We find no issue of fact to be tried. *Hardware Mut. Casualty Co. v. Hartford Accident & Indemnity Co.* (1959), 6 Wis. (2d) 457, 95 N. W. (2d) 215. Disputed issues of fact which are immaterial to the questions of law presented do not afford a basis for denying the application for summary judgment. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392.

*By the Court.*—Judgment affirmed.