BREIBY and another, Appellants, v. DEPARTMENT OF ADMINISTRATION and others, Respondents.

*No. 44. Argued May 1, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 737.)

For the appellants there were briefs by *Geisler & Kay* and *Robert J. Kay,* all of Madison, and oral argument by *Robert J. Kay.*

For the respondents Department of Administration, Wayne F. McGown, and John B. Hipp the cause was argued by *Allan P. Hubbard,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent Johnson Service Company there was a brief by *John Koeppl* and *Stafford, Rosenbaum, Rieser & Hansen,* all of Madison, and oral argument by *Mr. Koeppl.*

HALLOWS, C. J. The material facts are not disputed. On August 13, 1970, the department published invitations for bids for the construction of General Executive Facility No. 1 (a state office building) in the city of Madison. Separate bids were asked for six separate divisions of the work: (1) General construction, (2) plumbing, (3) heating, ventilation and air conditioning, (4) electrical, (5) elevator, (6) automation control and security work. The automation control and security system was designed to provide security protection by a system of closed-circuit television and automatic door locks and to provide temperature control by a system of relays and thermostats to be placed in the heating and cooling ducts installed by the heating and ventilation contractors. While there is some argument of a factual dispute involving costs savings and other matters, there is no dispute as to the facts necessary to resolve the legal question, namely, whether sec. 16.855 (14), Stats., authorizes the department to create such a division of work as "Automation Control and Security Work."

The disposition of a cause by way of summary judgment is proper if there is no material issue of fact and the question presented is solely one of law. The construction of a contract is a question of law. *See: Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 549, 105 N. W. 2d 807; *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9; *Bond v. Harrel* (1961), 13 Wis. 2d 369, 108 N. W. 2d 552; *Southard v. Occidental Life Ins. Co.* (1966), 31 Wis. 2d 351, 142 N. W. 2d 844. In this case, the question is the meaning of an unambiguous statute and this presents solely a question of law. *Des Jardin v. Greenfield* (1952), 262 Wis. 43, 53 N. W. 2d 784; *Carney-Rutter Agency v. Central Office Buildings* (1953), 263 Wis. 244, 248, 57 N. W. 2d 348; *Steeno v. Wolff* (1961), 14 Wis. 2d 68, 76, 109 N. W. 2d 452; *Gambrell v. Campbellsport Mut. Ins. Co.* (1970),

47 Wis. 2d 483, 177 N. W. 2d 313. Since there is no material dispute of fact, a trial would serve no useful purpose. *Zastrow v. Brown Deer* (1960), 9 Wis. 2d 100, 106, 100 N. W. 2d 359.

Assuming the facts to be as stated by the plaintiffs that the electrical contractors could do the electrical work involved in the Automation Control and Security Work more cheaply than Johnson, the question is whether the cost factor alone is so determinative as to foreclose the department from creating for other reasons a new and valid classification for bidding. We think the department may in the interest of coordination and efficiency create a new division of work for bid purposes despite the fact that some of the specifications for that division of work include work which is covered by some of the four enumerated trades in sec. 16.855 (14), Stats. It is quite true that one of the purposes of this section was to prevent bid-shopping so that a general contractor could not after obtaining a bid engage in a search for lower-price subcontractors and thus increase his profit without passing the savings along to the taxpayers. But that is not the case here. Other considerations must be taken into consideration when a division of work created by the department is not that of general contractor.

It is true that if any of the four enumerated works of the trades in the section are combined, separate bids must also be taken. But sec. 16.855 (2) (a) 2, Stats.,[1]

---

[1] "16.855 **Construction project contracts.** . . . (2) Whenever the estimated construction cost of a project exceeds $15,000, the department shall:

"(a) Advertise for proposals by publication of a class 1 notice, under ch. 985, in the official state newspaper. Similar notices may be placed in publications likely to inform potential bidders of the project. The department may solicit bids from qualified contractors to insure adequate competition. All advertisements shall contain the following information: . . .

"2. Scope of the work."

contemplates the department has a right to define the "Scope of the work." The agency is not limited by the statute to traditional trade practices as being determinative of the new division. This view is further supported by sub. (14) of the section which expressly provides, "The department may take separate bids on any other division or further subdivision of the preceding divisions of the work it designates." This language means that a bid may be taken for a subdivision of a division of work, but when this is done there must be a combined bid for the division. We do not read this section to mean that when a single bid is taken for a division less than a general contract, separate sub-bids must be taken. We think the department has the authority to create a division of work which may include work involved in the other divisions if the new division involves a specialized area of construction. An example of this is the division of elevator work which is commonly designated a division although it involves the electrical trade.

No facts are here disclosed that the discretion was abused when the department created the unit division entitled "Automation Control and Security Work." What overlapping there may be is not the kind which constituted an abuse of the department's discretion or constituted an illegal combination bid. The appellants argue the new divisions are recognized by the construction trades but the divisions are confined to installing a package of factory prefabricated units and they argue the present Automation Control and Security Work included "extensive electrical contracting which is not prepackaged but which requires electrical circuity throughout the building involving field power wiring and electrical connections."

We do not find in the purpose or in the language of the section any requirement that the department in creating a new division of work, which it has the discretion to do, is confined to factory prefabricated units.

While it is true many computer manufacturers are capable of supplying an acceptable computer and many contractors are capable of installing the equipment, nevertheless the department may create a new division if it believes one contractor can better install and co-ordinate the work of the many various components comprising the unit so that they function properly as an integrated system. Such is the basis for recognizing some construction work which is not commonly within the enumerated visions such as site preparation, food service equipment, elevator, nuclear power, laboratory installations, and other specialty work.

*By the Court.*—Judgment affirmed.