**Remegio C. AQUI, Appellant,**

v.

**Luther ISAAC, Appellee.**

**No. 9010.**

District of Columbia Court of Appeals.
Submitted June 12, 1975.

Decided July 31, 1975.

James S. Brocard, Washington, D. C., for appellant.

Lynn B. Owens, Washington, D. C., entered an appearance for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Remegio Aqui (appellant) sought damages based on the alleged negligence of Luther Isaac (appellee) arising from an intersection collision involving their automobiles. A jury returned a verdict for appellant, but the trial court granted appellee's motions for judgment n. o. v.[1] and, in the alternative, for a new trial.[2] Appellant claims it was error to grant these motions. We reverse the judgment n. o. v. and affirm the grant of a new trial.

The collision occurred about 2 p. m. on February 18, 1972, at the intersection of 17th and Q Streets, S.E. Appellant, a cab driver, testified that after picking up two passengers he approached the intersection in question, driving south on 17th Street and stopped at the stop sign. He looked both ways and, seeing no oncoming cars, proceeded into the intersection at a speed of 5–7 m. p. h. After his taxicab was in the intersection (appellant's testimony regarding the exact position of his car is contradictory and confusing), he saw appellee's car emerge from an alley onto Q Street and proceed into the intersection "at a terrific speed," hitting his cab broadside. Appellant testified that after the accident, appellee told him that "instead of stepping on my brake, I accidentally step (*sic*) on my accelerator." However, on cross-examination appellant conceded that during pretrial proceedings, when specifically asked about any post-collision events, he had failed to mention appellee's critical admission.

Appellee's testimony was that he turned onto Q Street from 16th Street and approached the intersection at a speed of 20–25 m. p. h. He testified that when he was about 15 feet from the intersection, appellant's taxicab "jumped out in front" of him. He hit his brakes but could not stop in time to avoid colliding with the taxi. Appellee denied making any statements to appellant concerning the cause of the accident.

Shirley Lot, one of the passengers in the taxi at the time of the collision, testified that appellant had been driving recklessly before the accident occurred. She further testified that appellant did not stop at the stop sign before proceeding into the intersection.

Appellee moved for a directed verdict at the close of appellant's case-in-chief and renewed the motion at the close of his own case. The court reserved ruling until after the jury returned a verdict. After the jury found for appellant, the trial court granted appellee's motion for a judgment n. o. v., finding that appellant was contributorily negligent as a matter of law. At the same time, the court granted the alternate motion for a new trial on the ground that "the verdict [was] against the weight of the evidence."

First, appellant challenges the propriety of granting appellee's motion for a judgment n. o. v. Appellant contends that contributory negligence is a fact question to be decided by the jury. Under the facts of this case, we must agree and reverse the judgment n. o. v.

■ It is well settled in this jurisdiction that negligence and contributory negli-

---

1. Super.Ct.Civ.R. 50(b).

2. Super.Ct.Civ.R. 59.

gence are usually questions of fact and become questions of law only where there is but one reasonable inference which may be drawn from undisputed facts. *Reading v. Faucon,* D.C.Mun.App., 134 A.2d 376, 378–79 (1957). In *Shu v. Basinger,* D.C.Mun. App., 57 A.2d 295 (1948), we found this rule to have special relevance to intersection collisions.

Automobile collisions at street intersections nearly always present questions of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inferences must be drawn. From this conflict and uncertainty the trier of facts, whether judge or jury, must determine the ultimate facts of the case. Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal. [*Id.* at 295–96; footnote omitted.]

In view of the testimony outlined above, appellant's contributory negligence or lack thereof was clearly a question of fact and not of law. Accordingly, it was error to grant a judgment n. o. v.

 Appellant also contends that the trial court erred in granting a new trial. We disagree. It is well established that a trial judge may grant a new trial on the ground that the verdict was contrary to the weight of the evidence. *Baber v. Buckley,* D.C.App., 322 A.2d 265 (1974); *Reading v. Faucon, supra* at 379; *see* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2805, at 37–38. The scope of appellate review in this matter is limited to determining whether there has been an abuse of discretion. *Taylor v. Washington Terminal Co.,* 133 U.S.App.D.C. 110, 409 F.2d 145 (1969). We find no abuse of discretion.

Accordingly, the judgment n. o. v. is reversed and the case is remanded for a new trial pursuant to the order of the trial court.

*Reversed and remanded for a new trial.*