**Conrad A. BARRETT, Appellant,**

v.

**Norman W. HARRIS, Appellee.**

**No. 13322.**

District of Columbia Court of Appeals.

Argued July 18, 1979.

Decided Aug. 9, 1979.

Rehearing En Banc Denied Sept. 10, 1979.

Bruce W. Haupt, Washington, D. C., for appellant.

Richard W. Galiher, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

**PER CURIAM:**

Appellant, while crossing Georgia Avenue on foot around 9 o'clock in the morning, was struck by appellee operating his auto and sustained severe personal injuries. Appellant's action for damages was tried before a jury and a verdict was rendered in his favor.[1] The trial court upon motion entered a judgment for appellee notwithstanding the verdict, concluding (Record at 63), "as a matter of law . . . the plaintiff [appellant] was negligent and that his negligence was the proximate cause of the accident which resulted in his injuries." Specifically, the court reviewed the testimony of appellant and his witnesses, Bell and Randolph, and concluded "[t]his all leads to only one inference, that plaintiff [appellant] failed to look before attempting to cross the street and that he failed to yield to the approaching automobile [driven by appellee]." (Record at 62–63.)

■ The trial court, in entering judgment for appellee, correctly recognized the well-settled rule "that negligence and contributory negligence are usually questions of fact and become questions of law only where there is *but one* reasonable inference which may be drawn from *undisputed* facts." *Aqui v. Isaac,* D.C.App., 342 A.2d 370, 371–72 (1975) (emphasis added). In *Aqui,* this court quoted with approval from our decision in *Shu v. Basinger,* D.C.Mun. App., 57 A.2d 295, 296 (1948), where we stated:

> Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions [of negligence, contributory negligence and proximate cause] are factual and not legal.

The issue therefore on this appeal is whether the evidence reveals "undisputed facts" permitting *only* "one reasonable inference" to be drawn. The record (Supp. Record at 14–15) contains testimony by the witness Bell that he "saw Barrett [appel-

1. The appellee's theory of the case, as the trial court states in its Memorandum Order (Record at 63), was that "the plaintiff [appellant] ran in front of . . . [his] automobile from be- tween parked cars . . . the plaintiff failed to observed what was there to see [appellee's auto]."

lant] come out of High's. . . . He walked to the curb. . . . And the car was coming pretty fast, and I saw him going, and I thought he could make it. . . . It just happened so fast." Bell described Barrett as "just walking" from the store to the corner of Georgia Avenue and he had started to run after "[h]e had stepped off the curb . . . about two seconds . . . before the accident." (Supp.Record at 21–22.) Bell further testified as to Barrett's movements that "he looked around" one way and "then he looked the other way . . . ." and that the car was going "seemed like about 50 or 60 miles an hour" and appellant "was coming, going on across the street." (Supp.Record at 22–26.)

Appellant testified at trial (Record at 158–60) that he "walked to the corner, and . . . looked north and looked south and then . . . started to walk in the street . . . and when I looked back again I saw the car, and that car was right on me, and then I started running, and I didn't have nowhere to go." He further testified that "when I reached the corner I looked and saw a car around 150 feet . . away. . . . When I looked at the car, the car was coming *like normal speed,* and then I started crossing the street. When I reached out in the street and I [took] a glance up again, it was right on me, so I started to run." [2] (Record at 161; emphasis added.) Appellant estimated "seven seconds" elapsed from the time he looked at the car "the first time" and the time "he got hit" and "two seconds" from the time he saw the car the second time and the time he was hit. (Record at 163–64.) On cross-examination appellant insisted "I started walking [from the curb] and then when I seen the car a second time that's the time I started running" and "around seven seconds" elapsed from the time he entered onto Georgia Avenue until the accident happened. (Record at 214–15.)

■ Given the evidence presented to the jury set forth above, we are unable to agree with the trial court's conclusion that

The only logical inference in this case is that the plaintiff [appellant] after having first observed defendant's [appellee's] automobile looked away and then stepped into the street *without looking again for the approaching car. His failure to look before crossing* was negligence and the proximate cause of this unfortunate accident. [Record at 62; emphasis added.] Rather, it was a factual issue for the jury to determine whether appellee was driving at an excessive rate of speed and appellant looked both before commencing to cross and while crossing and could not avoid being struck. *See, e. g., Byrd v. Hawkins,* D.C. App., 404 A.2d 941, 942 (1979). It was also for the jury to determine whether a failure to look twice before crossing would be unreasonable under all the circumstances. The jury resolved the issues in favor of appellant and the verdict should stand. Accordingly, the judgment notwithstanding the verdict is reversed and the case remanded with directions to reinstate the verdict.[3]

*So ordered.*

---

2. Appellant explained (Record at 162) he meant 150 yards, not feet.

3. The court expressly found (Record at 60), the amount of the verdict "is overwhelmingly supported by the evidence."